Commonwealth *v.* Lovely, Appellant.

Submitted November 10, 1969.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Thomas A. Pitt, Jr.,* for appellant.

*A. Thomas Parke, III,* Assistant District Attorney, and *Norman J. Pine,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, January 9, 1970:

Defendant, while at the house of the victim, Mrs. Pennington, had an argument with one Benny Gray.

The defendant walked out of the house to his car, which was parked in front of the house, and removed his loaded shotgun from the trunk. He then walked to the front of the house, pointed the gun toward the front door, and called to Gray to come out. Gray stayed inside, but Mrs. Pennington came out and stood by the front door. She was followed by Booker Fairley, who went to the defendant, in an attempt to calm him down, and then tried to take the gun away. In the scuffle, the gun fired—striking and killing Mrs. Pennington.

The defendant was convicted, after a jury trial, of second-degree murder. The instant appeal is from the trial court's denial of defendant's motion for a new trial.

The sole issue raised on appeal concerns the propriety of the trial judge's charge to the jury that the defendant could be found guilty of second-degree murder although the shot was fired during the tussle between Fairley and the defendant. The trial judge quoted from *Commonwealth v. Malone*, 354 Pa. 180, 183, 47 A. 2d 445, 447 (1946), as follows: "When an individual commits an act of gross recklessness for which he must reasonably anticipate that death to another is likely to result, he exhibits that 'wickedness of disposition; hardness of heart; cruelty; recklessness of consequences and a mind regardless of social duty' which proved that there was at that time in him 'that state or frame of mind termed malice.'" Thus, the question left for the jury was whether the defendant had committed such an act of gross recklessness as contemplated in *Malone*.

It is quite clear to us that when the defendant intentionally got the loaded shotgun, pointed it at the house, and called for Gray to come out, he should have reasonably anticipated that someone would try to stop him and that if he resisted the gun might go off. What was stated by this Court in *Malone, id.* at 188, 47 A.

2d at 449, is equally applicable in the present case: "This killing was, therefore, murder, for malice in the sense of a wicked disposition is evidenced by the intentional doing of an uncalled-for act in callous disregard of its likely harmful effects on others."

Judgment affirmed.