Commonwealth *v.* Chermansky, Appellant.

Argued January 4, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James R. Caiola,* for appellant.

*Arthur L. Jenkins, Jr.,* Assistant District Attorney, with him *Richard A. Devlin* and *Henry T. Crocker,* Assistant District Attorneys, and *Richard S. Lowe,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, May 21, 1968:

John Phillip Chermansky was convicted by a jury in Montgomery County of murder in the second degree. A motion for a new trial was dismissed and a prison sentence of two and one-half to ten years was imposed. Chermansky appeals from the judgment.

It is urged that, viewing the trial testimony in the light most favorable to the Commonwealth, a finding of murder cannot be sustained or, in the event this position is not affirmed, the verdict was against the weight of the evidence.

The prosecution arose as the result of the fatal shooting of Marcelle Hardison at about 2:30 a.m. on March 19, 1966, on a public street near Chermansky's home. The Commonwealth's evidence at trial that Chermansky fired the fatal shot with a deer rifle was not challenged, but it was asserted that the killing was accidental or, if intentional, justifiable.

Chermansky testified that, while sleeping in his home, he was awaked by a noise; that he found a set of double doors on the side of his house pushed in about eight inches and kept from opening completely by an attached chain; that, upon looking out a window, he saw an unknown individual come out of an alleyway adjacent to his home and proceed to a house across the street, where "he started fixing around the windows"; that the individual then ran into an alleyway as an automobile came down the street; that shortly thereafter he saw this same individual ". . . monkeying around the windows" of another house across the street; that he sent his son out the back door of his home to notify the police; that he secured his rifle, opened the front door and went out on the doorstep, intending to restrain the prowler until the police arrived; that the prowler then started to run and he yelled "Halt or I'll shoot"; that, when the prowler con-

tinued to run, he fired a shot in the direction of a tree, intending not to kill or injure the prowler, but only to frighten him.

## Justifiable Homicide

A private person in fresh pursuit of one who has committed a felony may arrest without a warrant. *Commonwealth v. Micuso,* 273 Pa. 474, 117 A. 211 (1922); *Commonwealth v. Long,* 17 Pa. Superior Ct. 641 (1901); 2 Trickett, The Law of Crimes in Pennsylvania 683 (1908). And in Pennsylvania we have always followed the common law rule that if the felon flees and his arrest cannot be effected without killing him, the killing is justified. See *Commonwealth v. Micuso,* supra; 2 Trickett, supra. We hasten to note that before the use of deadly force is justified the private person must be in fresh pursuit of the felon and also must give notice of his purpose to arrest for the felony if the attending circumstances are themselves insufficient to warn the felon of the intention of the pursuing party to arrest him.

The common law principle that a killing necessary to prevent the escape of a felon is justifiable developed at a time when the distinction between felony and misdemeanor was very different than it is today.[1] Statutory expansion of the class of felonies has made the common law rule manifestly inadequate for modern law.[2] Hence, the need for a change or limitation in the rule is indicated. We therefore hold that from this date forward the use of deadly force by a private person in order to prevent the escape of one who has

[1] At early common law, virtually all felonies were punishable by death.

[2] See Pearson, The Right To Kill in Making Arrests, 28 Mich. L. Rev. 957, 974-76 (1930).

committed a felony or has joined or assisted in the commission of a felony is justified only if the felony committed is treason, murder, voluntary manslaughter, mayhem, arson, robbery, common law rape, common law burglary, kidnapping, assault with intent to murder, rape or rob, or a felony which normally causes or threatens death or great bodily harm.[3] We also note that for the use of deadly force to be justified it remains absolutely essential, as before, that one of the enumerated felonies has been committed and that the person against whom the force is used is the one who committed it or joined or assisted in committing it. *Commonwealth v. Duerr,* 158 Pa. Superior Ct. 484, 45 A. 2d 235 (1946). If the private citizen acts on suspicion that such a felony has been committed, he acts at his own peril. For the homicide to be justifiable, it must be established that his suspicion was correct.

That the trial court correctly and fairly instructed the jury on the law is not challenged. In arguing that the evidence was insufficient to convict, Chermansky apparently assumes that, since his explanation of the killing was not contradicted at trial, it must be accepted as true and the killing declared justifiable as a matter of law. This position is incorrect.

Firstly, the truthfulness of Chermansky's testimony was for the jury to determine. Even though it was uncontradicted, the jury still had the right to accept it totally, to believe part of it or to reject it completely. *Commonwealth v. Wilkes,* 414 Pa. 246, 199 A. 2d 411 (1964). Secondly, the intentional taking of human life is presumed to be unlawful and the burden of proving otherwise is upon him who attempts to justify it. *Commonwealth v. Wilkes,* supra. In other words, justifiable homicide is an affirmative defense.

---

[3] Restatement, Administration of the Criminal Law (Tentative Draft No. 1, 1931).

*Commonwealth v. Weinberg*, 276 Pa. 255, 120 A. 406 (1923). Whether Chermansky did or did not meet this burden was for the jury to say. This is particularly so in this case because certain evidence did cast doubt upon whether or not Hardison was in fact a felon.

It is also urged that proof of malice is lacking and that, at most, Chermansky acted under an honest mistake and thus his crime could rise no higher than voluntary manslaughter.

It is true that malice, express or implied, is an absolute essential of murder. However, legal malice may be inferred and found from the attending circumstances. *Commonwealth v. Lawrence*, 428 Pa. 188, 236 A. 2d 768 (1968). It consists either of an express intent to kill or inflict great bodily harm, or of a " 'wickedness of disposition, hardness of heart, cruelty, recklessness of consequences and a mind regardless of social duty' " indicating an unjustified disregard for the probability of death or great bodily harm and an extreme indifference to the value of human life. *Commonwealth v. Carroll*, 412 Pa. 525, 194 A. 2d 911 (1963).

By its verdict the jury clearly rejected Chermansky's plea of justification. In the absence thereof, his conduct certainly could be found to evidence a reckless indifference to the value of human life.

## Accidental Killing

A homicide committed *per infortunium*, i.e., accidentally, is legally excusable. As explained in *Commonwealth v. Flax*, 331 Pa. 145, 156-157, 200 A. 632, 637-638 (1938): "Homicide by misadventure (which is excusable) is the accidental killing of another, where the slayer is doing a lawful act, unaccompanied by any criminally careless or reckless conduct. 'Three elements enter into the defense of excusable homicide by misadventure: [1] The act resulting in death must be

a lawful one; [2] it must be done with reasonable care and due regard for the lives and persons of others; and [3] the killing must be accidental and not intentional, or without unlawful intent, or without evil design or intention on the part of the slayer. All these elements must concur and the absence of any one of them will involve in guilt. Even though the homicide is unintentional, it is not excusable where it is the result or incident of an unlawful act, such as pointing or presenting a gun, pistol or other firearm at another person in such a manner as to constitute an offense under the laws of the state, or unlawfully striking another with an intent to hurt, although not with an intent to kill, or driving an automobile at an unlawful rate of speed': 30 C.J., page 87, sec. 269." See also, *Commonwealth v. Pavillard*, 421 Pa. 571, 220 A. 2d 807 (1966).

In the absence of justification for the killing, the jury was warranted in finding it resulted from the performance of an unlawful act, i.e., pointing and firing a firearm at another person. Hence the killing was not excusable.

We find no error of law in the record and no abuse of discretion by the court below in refusing a new trial.

Judgment affirmed.

Mr. Justice JONES dissents.