Commonwealth *v.* Coleman, Appellant.

Argued January 15, 1974. Before JONES, C. J., EA-
GEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO,
JJ.

*Peter B. Scuderi,* for appellant.

*David Richman,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, April 23, 1974:

Appellant, Gerald Coleman, was indicted on charges of murder, involuntary manslaughter, and carrying firearms on public streets and public property in connection with the fatal shooting of Stephan Harris. Having waived his right to a jury trial, appellant was tried before a judge sitting without a jury and was found guilty of murder in the second degree on September 26, 1972. Post-trial motions were denied and a sentence of imprisonment for four to twenty years was imposed. This direct appeal followed.

The sole issue raised on appeal is whether the evidence was sufficient to support a second degree murder conviction. One who voluntarily and with malice, but without a specific intent to cause death, does an act which causes the death of a human being may be guilty of murder in the second degree, even though that person's death is an accidental result of such act. *Commonwealth v. Malone,* 354 Pa. 180, 47 A. 2d 445 (1946). Appellant claims, however, that there was no evidence of malice. We disagree.

To sustain a conviction of murder of either degree, the evidence must establish that the killing was committed with malice. *Commonwealth v. McFadden,* 448 Pa. 277, 292 A. 2d 324 (1972). Legal malice may be inferred and found from the attending circumstances of the act resulting in the death. *Commonwealth v. Bowden,* 455 Pa. 152, 309 A. 2d 714 (1973). It consists of either an express intent to kill or inflict great bodily harm, or of a "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences and a mind regardless of social duty" which indicates an unjustified disregard for the likelihood of death or great bodily harm and an extreme indifference to the value of human life. *Commonwealth v. Chermansky,* 430 Pa. 170, 242 A. 2d 237 (1968).

On an appeal from a criminal prosecution, the test of the sufficiency of the evidence is "[w]hether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the [finder of fact] could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes for which he has been convicted." *Commonwealth v. Bayard,* 453 Pa. 506, 509, 309 A. 2d 579, 581 (1973); *Commonwealth v. Paquette,* 451 Pa. 250, 301 A. 2d 837 (1973). In this regard it must be noted that the finder of fact has the right to reject part or all of the defendant's testimony, even if uncontradicted. *Commonwealth v. Chermansky,* 430 Pa. at 174, 242 A. 2d at 240. The evidence adduced at trial viewed in the light most favorable to the Commonweatlh shows the following facts.

On the morning of June 4, 1972, appellant, the deceased, and approximately ten other acquaintances, boarded a SEPTA bus on the corner of 52nd Street and Haverford Avenue in Philadelphia. These young men, ranging in age from sixteen to twenty, were cavorting

in the rear of the bus. At one stage along the bus route as the bus pulled away from a stop, someone tossed a bottle through an open bus window, striking appellant. Thereupon, appellant jumped from his seat, opened a .38 caliber revolver he had in his possession, counted three bullets in the lower chambers, and after closing the gun pointed it towards the floor and pulled the trigger. The gun clicked, indicating that one of the empty chambers had been expended. When the bus stopped appellant stood up and began waving the gun in the air. One of the group, apparently the deceased, Stephan Harris, told appellant something to the effect that he should stop playing around with the gun because it might go off. This advice was not heeded, however, and most of the passengers ran to the front of the bus to get off. As one of the group, Raymond Barber, started to get up he was pushed to the floor by the deceased, Stephan Harris, and told that appellant was playing around with the gun. Appellant testified that when all the others had run by him, he turned around and saw both the deceased and Raymond Barber still in the back of the bus. Appellant also testified that thereafter he only saw Raymond Barber go by him to the front of the bus. After having clicked the gun a second time, appellant pointed the gun at a seat in the rear and fired. The bullet passed through the seat and struck the deceased, who was crouching behind it. He died from injuries sustained when the bullet passed through his left lung and a ventricle of the heart.

In *Commonwealth v. Malone, supra,* this Court set forth a standard for determining when malice may be found from the attending circumstances of the act: "When an individual commits an act of gross recklessness for which he must reasonably anticipate that death to another is likely to result, he exhibits that 'wickedness of disposition; hardness of heart; cruelty; recklessness of consequences and a mind regardless of

512

social duty' which proved that there was at that time in him 'that state or frame of mind termed malice.' " Thus, the question left for the judge below was whether the defendant had committed such an act of gross recklessness as contemplated in *Malone*. *See Commonwealth v. Lovely*, 436 Pa. 334, 260 A. 2d 466 (1970).

Although the facts of the instant case are not so compelling as were the facts in *Malone*, what this Court said in that case is equally applicable here. It is quite clear to us that when appellant began to wave a loaded gun in a bus containing approximately fifteen people, he should have reasonably anticipated that some of the occupants might try to seek cover behind a seat or on the floor of the vehicle. When appellant intentionally fired into the seat he did so in total disregard of the likely consequences to someone who might be seeking refuge behind it. Nor was this a remote possibility since shortly before firing the gun appellant had seen two of his comrades in the rear of the bus and he saw only one of them depart. The killing was therefore murder, since malice in the sense of a wicked disposition was evidenced by the "intentional doing of an uncalled-for act in callous disregard of its likely harmful effects on others." *Commonwealth v. Malone*, 354 Pa. at 188, 47 A. 2d at 449. *See also Commonwealth v. Lovely, supra.*

Judgment of sentence affirmed.