416 A.2d 1007

**COMMONWEALTH of Pennsylvania**

v.

**Dolores GARDNER, Appellant.**

Supreme Court of Pennsylvania.

Argued April 18, 1980.

Decided July 3, 1980.

Robert B. Mozenter, Philadelphia, for appellant.

Robert B. Lawler, Asst. Dist. Atty., Chief, Appeals Division, Kenneth S. Gallant, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

NIX, Justice.

Appellant, Dolores Gardner, was convicted of murder in the first degree in the shooting death of Sandra Singleton. After denial of post-verdict motions, appellant was sentenced to life imprisonment. This direct appeal follows.

The deceased and Carol Chandler, the appellant's daughter, had an argument which led to some blows being struck. Thereafter, Carol went to her mother and after being questioned, told her what had happened. The appellant went with her daughter to the high rise project where the deceased lived for the purpose of resolving the matter. The deceased was looking out of the window, saw them coming,

and after some words stated she would come right down. They all met in the lobby of the dwelling where the earlier argument was renewed. The appellant then ended the affray by fatally shooting the deceased.

Appellant's first contention is that the evidence is insufficient to establish an intent to kill. However, we find the evidence taken in the light most favorable to the Commonwealth, as verdict winner, does in fact demonstrate a specific intent to kill. *Commonwealth v. Robson,* 461 Pa. 615, 337 A.2d 573 (1975); *Commonwealth v. Boyd,* 461 Pa. 17, 334 A.2d 610 (1975); *Commonwealth v. Murray,* 460 Pa. 605, 334 A.2d 255 (1975). In *Commonwealth v. Taylor,* 461 Pa. 557, 337 A.2d 545 (1975), (opinion of the Court), we stated:

" 'To sustain a conviction of murder of either degree, the evidence must establish that the killing was committed with malice. *Commonwealth v. McFadden,* 448 Pa. 277, 292 A.2d 324 (1972).' *Commonwealth v. Coleman,* 455 Pa. 508, 510, 318 A.2d 716, 717 (1974). '[Malice] consists either of an express intent to kill *or* inflict great bodily harm or of a "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences and a mind regardless of social duty" indicating an unjustified disregard for the probability of death or great bodily harm and an extreme indifference to the value of human life. *Commonwealth v. Carroll,* 412 Pa. 525, 194 A.2d 911 (1963).' *Commonwealth v. Chermansky,* 430 Pa. 170, 175, 242 A.2d 237, 240–41 (1968). See *Commonwealth v. Coleman,* supra. 'The existence of legal malice may be inferred and found from the attending circumstances of the act resulting in the death. *Commonwealth v. Bowden,* 456 Pa. 278, 309 A.2d 714 (1973).' *Commonwealth v. Coleman,* supra, 455 Pa. at 510, 318 A.2d at 717; *Commonwealth v. Chermansky,* supra; *Commonwealth v. Lawrence,* 428 Pa. 188, 193, 236 A.2d 768, 771 (1968)." *Commonwealth v. Boyd,* 461 Pa. 17, 22, 334 A.2d 610, 613 (1975).

" '[w]hether, accepting as true all the evidence and all [the] reasonable inferences therefrom upon which if believed the [finder of fact] could properly have based its

verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes for which he has been convicted.' *Commonwealth v. Bayard*, 453 Pa. 506, 509, 309 A.2d 579, 581 (1973); *Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837 (1973). In this regard it must be noted that the finder of fact has the right to reject part or all of the defendant's testimony even if uncontradicted. *Commonwealth v. Chermansky*, 430 Pa. at 174, 242 A.2d at 240." *Commonwealth v. Coleman*, 455 Pa. 508, 510, 318 A.2d 716, 717 (1974).

In determining the sufficiency of the evidence to support a finding of first degree murder, we must find that the killing was a malicious one accompanied by a specific intent to kill. If the act of the defendant under all the circumstances properly gives rise to an inference that the appellant knew or should have known that the consequence of his act would be death or serious bodily harm, malice is present. *Commonwealth v. McFadden, supra.*

It is well settled that specific intent to kill, as well as malice, may be inferred from the use of a deadly weapon upon a vital part of the victim's body. *Commonwealth v. Kingsley*, 480 Pa. 560, 391 A.2d 1027 (1978); *Commonwealth v. Moore*, 473 Pa. 169, 373 A.2d 1101 (1977); *Commonwealth v. O'Searo*, 466 Pa. 224, 352 A.2d 30 (1976). It is this specific intent to kill which distinguishes murder of the first degree from the lesser grades of murder. *Commonwealth v. Moore, supra.*

By shooting the decedent twice at close range, once in the neck, a jury could properly have concluded that appellant intended the death of her victim. Thus, a specific intent to kill was properly inferred from the evidence before the jury.

Appellant argues that decedent had pulled a knife on her daughter and appellant shot decedent in self defense. However, two witnesses testified that the victim did not have a knife and was not attacking anyone at the time she was shot. Other testimony indicated that there was no

knife in the vicinity of the victim after she was shot. The jury resolved this conflict in testimony about whether the victim had a knife in the Commonwealth's favor. This was an appropriate jury function and appellant will not be heard to complain.

■ Appellant's next contention is that her statement, "I shot her and threw the gun away," should have been suppressed because she was not given her *Miranda* warnings and because she was forced to testify in order to explain away the statement.

In the instant case, the police were summoned immediately after the shooting. An eyewitness pointed out appellant as the assailant to a police officer as he was walking towards her home. The officer followed appellant to her house. The officer testified that upon his entering the house, appellant without being asked any questions stated, "I shot her and threw the gun away." Appellant was not questioned by the police. Upon the police officer's entry into her house, she made the incriminating statement. Since appellant voluntarily stated that she shot the victim, she was not entitled to *Miranda* warnings. *Commonwealth v. Myers*, 481 Pa. 217, 392 A.2d 685 (1978); *Commonwealth v. Yount*, 455 Pa. 303, 314 A.2d 242 (1974).

Appellant's final argument is that the court erred in not granting a mistrial when the family of the deceased emotionally broke down in front of the jury.

■ A motion for a mistrial is addressed to the discretion of the court. It is primarily within the trial court's discretion to determine whether defendant was prejudiced by the misconduct. *Commonwealth v. Werts*, 483 Pa. 222, 395 A.2d 1316 (1978); *Commonwealth v. Craig*, 471 Pa. 310, 313, 370 A.2d 317, 319 (1977).

■ Appellant's attorney stated that during recess when the jury was taken out into the hallway the family of the deceased became emotional. He declared that one of the women, " . . . started to call out for the Lord and proceeded to weep and wail." Following the incident, the court gave the following instruction to the jury:

The Court: Ladies and Gentlemen, it's been called to the Court's attention that there was a slight disturbance out in the corridor. I don't know how many of you saw it, but you are not to let it affect you or to consider it either way at all. I don't know who it was, and I hope you don't either, but you are not to let it affect you in any way. We are only concerned with what we heard from the witness stand here in this courtroom. (N.T. 756).

It was not established that any of the jurors knew the identity of the people in the hallway or their relationship to the parties in the case. Moreover, the court officer testified that the words of the weeping woman were mumbled, so no one could understand what was being said. Thus, if there was prejudice to appellant, it was minimal and cured by the court's instructions.

Judgment of sentence affirmed.

EAGEN, C. J., concurred in the result.