462 A.2d 619

COMMONWEALTH of Pennsylvania, Appellant,

v.

Richard RAWLES, Appellee.

COMMONWEALTH of Pennsylvania, Appellee,

v.

Richard RAWLES, Appellant.

Supreme Court of Pennsylvania.

Submitted April 28, 1983.

Decided July 1, 1983.

Eric B. Henson, Deputy Dist. Atty., Gaele McLaughlin Barthold, Philadelphia, for appellant.

Leon W. Tucker (Court-appointed), Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

NIX, Justice.

These consolidated appeals arose from an order of the Philadelphia Court of Common Pleas which arrested judgment on a jury verdict of first degree murder and "substituted" a verdict of murder in the third degree. The Commonwealth appeals from the portion of the order arresting judgment, seeking reinstatement of the jury verdict, while Richard Rawles appeals from the judgment of sentence imposed on the "substituted" verdict, contending he is entitled to a new trial. For the reasons which follow we reverse the order of the Court of Common Pleas, vacate its judg-

ment of sentence, reinstate the jury verdict of first degree murder, and remand for resentencing on that verdict.

## I.

Richard Rawles was arrested shortly after a stabbing incident in North Philadelphia and charged with murder and related weapons offenses. At trial the defense advanced the theory that Rawles had stabbed the decedent, Robert Jackson, in self defense. A demurrer to the charge of first degree murder was denied, and the jury subsequently returned a verdict of guilty of first degree murder and possession of an instrument of crime. Following trial defense counsel filed post-verdict motions alleging, *inter alia,* that the evidence was insufficient to support a finding of first degree murder. The trial court agreed, and ordered judgment arrested on the first degree murder verdict. The Commonwealth appeals from that action.[1]

Following the disposition of the post verdict motions prepared and argued by trial counsel, new counsel was appointed to argue trial counsel's ineffectiveness. Supplemental motions alleging ineffective assistance were denied, and Rawles was subsequently sentenced to seven and one-half to fifteen years' imprisonment on the substituted conviction and to a concurrent two and one-half to five year term of imprisonment on the weapons count. He appeals from those judgments of sentence.[2]

## II. *The Commonwealth's Appeal*

### A.

Before considering the merits of the Commonwealth's appeal, we must first address Rawles' contention

[1] This Court has jurisdiction of the Commonwealth's appeal pursuant to 42 Pa.C.S. § 722(1), which prior to December 4, 1980 provided for direct appeal of felonious homicide convictions to the Supreme Court.

[2] Since sentencing occurred after the amendment of 42 Pa.C.S. § 722(1), *see* footnote (1), *supra,* Rawles properly appealed to the Superior Court, which was vested with jurisdiction pursuant to 42 Pa.C.S. § 742. That court certified the appeal to the Supreme Court at Rawles' request.

that the Commonwealth has no right of appeal under the instant circumstances. He first argues the general rule that the Commonwealth may only appeal pure questions of law. *See Commonwealth v. Blevins,* 453 Pa. 481, 309 A.2d 421 (1973); *Commonwealth v. Youngblood,* 453 Pa. 225, 307 A.2d 922 (1973); *In re Gaskins,* 430 Pa. 298, 244 A.2d 662, *cert. denied,* 393 U.S. 989, 89 S.Ct. 470, 21 L.Ed.2d 451 (1968); *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304, *cert. denied,* 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed.2d 149 (1963). While we accept Rawles' statement as being an accurate recitation of a general principle, it is not here applicable. The question of the sufficiency of the evidence to sustain a verdict is in fact a question of law, and has been recognized as an area which permits an appeal by the Commonwealth from an adverse ruling. *Commonwealth v. Blevins, supra; Commonwealth v. Haines,* 410 Pa. 601, 190 A.2d 118 (1963); *Commonwealth v. Melton,* 402 Pa. 628, 168 A.2d 328 (1961).

Rawles also questions whether the present ruling has the finality which justifies appellate review at this point. *See, e.g., Commonwealth v. Ray,* 448 Pa. 307, 292 A.2d 410 (1972); *Commonwealth v. Pomponi,* 436 Pa. 565, 259 A.2d 872 (1970); *In re Riggins,* 435 Pa. 321, 254 A.2d 616 (1969). As long as the ruling of the court below stands, the Commonwealth is precluded from convicting Rawles of murder in the first degree. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Commonwealth v. Vogel,* 501 Pa. 314, 461 A.2d 604 (1983); *Commonwealth v. Mitchell,* 497 Pa. 14, 438 A.2d 596 (1981). Thus for purposes of a challenge to that aspect of the lower court's ruling, it is clearly a final order of a question of law from which the Commonwealth has a right to appeal.

Rawles concludes his argument by suggesting that double jeopardy precludes a review of a motion in arrest of judgment by attempting to equate it to a verdict of acquittal. Such an analogy is obviously faulty. A factfinder's verdict of acquittal is, of course, insulated from further review. *Commonwealth v. Maurizio,* 496 Pa. 584, 437 A.2d 1195 (1981); *Commonwealth v. Ray, supra; Commonwealth*

*v. Rios,* 447 Pa. 397, 289 A.2d 721 (1972); *Commonwealth v. Haines, supra.* However, where a court finds as a matter of law the evidence is not sufficient to support the verdict, that, like any other ruling on a question of law, is subject to review, and an order by the reviewing court reversing that conclusion and reinstating the jury verdict does not offend the proscription against double jeopardy. *See United States v. Morrison,* 429 U.S. 1, 97 S.Ct. 24, 50 L.Ed.2d 1 (1976); *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *United States v. Dixon,* 658 F.2d 181 (3d Cir.1981); *Commonwealth v. Parker,* 305 Pa.Super. 516, 451 A.2d 767 (1982).

### B.

We must now consider the Commonwealth's claim that the trial court erred in arresting judgment upon its conclusion that the evidence was insufficient as a matter of law to support a verdict of first degree murder. The standards to be applied in evaluating this claim are well established. The effect of a motion in arrest of judgment is to admit all facts which the Commonwealth's evidence tends to prove. *Commonwealth v. Davis,* 477 Pa. 197, 383 A.2d 891 (1978); *Commonwealth v. Meadows,* 471 Pa. 201, 369 A.2d 1266 (1977); *Commonwealth v. Tabb,* 417 Pa. 13, 207 A.2d 884 (1965). The entire record must be considered in evaluating the sufficiency of the evidence. *Commonwealth v. Meadows, supra; Commonwealth v. Boyle,* 470 Pa. 343, 368 A.2d 661 (1977); *Commonwealth v. Ilgenfritz,* 466 Pa. 345, 353 A.2d 387 (1976); *Commonwealth v. Terenda,* 433 Pa. 519, 252 A.2d 635 (1969); *Commonwealth v. Tabb, supra.* All of the evidence must be read in the light most favorable to the Commonwealth, which is entitled to all reasonable inferences arising therefrom. *Commonwealth v. Davis, supra; Commonwealth v. Meadows, supra; Commonwealth v. Terrenda, supra.* Moreover, as this Court stated in *Commonwealth v. Blevins, supra:*

[W]here a jury verdict has been suspended it is not a question as to whether the trial judge, if he had been the

trier of fact would have acquitted, but rather whether the evidence would justify a finding of guilt by twelve reasonable men. The case is sufficient for a jury to find guilt "unless the proof relied upon for a conviction is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances," *Commonwealth v. DePetro,* 350 Pa. 567, 578, 39 A.2d 838 (1944). Restated, the test requires, before the granting of a motion in arrest of judgment based on insufficiency of the evidence, that the court make a finding that the evidence supporting the verdict of guilt is so weak and inconclusive that a jury of reasonable men and women could not be satisfied as to the guilt of the defendant beyond a reasonable doubt.

*Id.,* 453 Pa. at 487, 309 A.2d at 424–425.

Viewed in the light most favorable to the Commonwealth, the evidence established the following: A week before the killing, Rawles knocked down the decedent, Jackson, during an argument. Jackson retreated home and returned with a baseball bat, calling to Rawles, who had also gone home, to come out. Rawles remained inside. On the day of the murder, Jackson, who was intoxicated, approached Perry Keaton, the supervisor of the junkyard at which Rawles worked, and told him he intended to kill Rawles. Jackson went up the street, retrieved a baseball bat from a car and walked to the junkyard entrance. Rawles was inside the yard. Brandishing the bat, Jackson shouted to Rawles, "Come on, let's get it on." Jackson remained at the entrance, shouting and wielding his baseball bat. Keaton told Rawles not to go out to the pavement where Jackson was standing but to resume his work. Rawles initially complied, but later armed himself with a knife and a long pipe or rod and went out to meet Jackson, pushing away Keaton, who had attempted to stop him. The two men stood facing each other. Rawles struck first, swinging the pipe at Jackson, who blocked the blow with his bat, bending the pipe. Rawles then backed Jackson across the street, pointing and thrusting his knife at Jackson. When they arrived on the

other side of the street, Rawles stabbed Jackson once in the chest. Jackson then hit Rawles in the head several times with the bat, causing Rawles to fall to the ground. After Jackson was pulled away from Rawles, he walked up the street and collapsed. Rawles recovered, went back to the junkyard and got another pipe, walked to where Jackson was lying and stood over him, holding the new pipe. The stab wound penetrated two ribs, the pericardial sac and the wall of the heart, a depth of four to five inches, causing Jackson's death.

We must next determine whether the above evidence was sufficient to support a verdict of first degree murder. As this Court explained in *Commonwealth v. Gardner,* 490 Pa. 421, 416 A.2d 1007 (1980):

> In determining the sufficiency of the evidence to support a finding of first degree murder, we must find that the killing was a malicious one accompanied by a specific intent to kill. If the act of the defendant under all the circumstances properly gives rise to an inference that the appellant knew or should have known that the consequence of his act would be death or serious bodily harm, malice is present. *Commonwealth v. McFadden,* [448 Pa. 277, 292 A.2d 324 (1972)].
>
> It is well settled that specific intent to kill, as well as malice, may be inferred from the use of a deadly weapon upon a vital part of the victim's body. *Commonwealth v. Kingsley,* 480 Pa. 560, 391 A.2d 1027 (1978); *Commonwealth v. Moore,* 473 Pa. 169, 373 A.2d 1101 (1977); *Commonwealth v. O'Searo,* 466 Pa. 224, 352 A.2d 30 (1976). It is this specific intent to kill which distinguishes murder of the first degree from the lesser grades of murder. *Commonwealth v. Moore, supra.*

*Id.,* 490 Pa. at 425, 416 A.2d at 1008–1009.

█ Under these facts, it is clear that a fact finder could reasonably conclude that Rawles possessed a fully formed intent to take the life of Jackson when he fatally stabbed him in the chest. We cannot agree with the trial court's conclusion that the uncontroverted facts refute the infer-

ence of the presence of a specific intent to kill that flows from the use of a deadly weapon upon a vital part of the body. *Commonwealth v. McGuire,* 487 Pa. 208, 409 A.2d 313 (1979); *Commonwealth v. O'Searo,* 466 Pa. 224, 352 A.2d 30 (1976); *Commonwealth v. Caye,* 465 Pa. 98, 348 A.2d 136 (1975); *Commonwealth v. Cannon,* 453 Pa. 389, 309 A.2d 384 (1973); *Commonwealth v. Hornberger,* 441 Pa. 57, 270 A.2d 195 (1970); *Commonwealth v. Ewing,* 439 Pa. 88, 264 A.2d 661 (1970). There was no contention that the stab wound was accidentally inflicted. To the contrary, it is clear from the evidence that the wound was deliberately inflicted. Moreover, after first declining the invitation to join the encounter, appellant changed his mind and approached the protagonist armed with two deadly weapons. Here, the surrounding circumstances support the inference rather than negate it.

Obviously, the trial court was disturbed by the provocative behavior of the victim. However, for this behavior to have legal significance, the jury would be required to find that the provocation engendered a passion that compelled the act. *See Commonwealth v. Cain,* 484 Pa. 240, 398 A.2d 1359 (1979); *Commonwealth v. Horne,* 479 Pa. 496, 388 A.2d 1040 (1978); *Commonwealth v. McCusker,* 448 Pa. 382, 292 A.2d 286 (1972); *Commonwealth v. Feinberg,* 433 Pa. 558, 253 A.2d 636 (1969). The trial court, however, conceded that the evidence was more than sufficient to allow a finding of malice. Such a concession was unavoidable in light of appellant's calculated decision to engage in the encounter and his selection of weapons after a clear opportunity to cool following the initial verbal assault by the victim. *See Commonwealth v. Long,* 460 Pa. 461, 333 A.2d 865 (1975); *Commonwealth v. Edwards,* 448 Pa. 79, 292 A.2d 361 (1972); *Commonwealth v. McCusker, supra; Commonwealth v. Swaney,* 445 Pa. 244, 284 A.2d 732 (1971); *Commonwealth v. Culpeper,* 434 Pa. 15, 252 A.2d 624 (1969); *Commonwealth v. Walters,* 431 Pa. 74, 244 A.2d 757 (1968); *Commonwealth v. Dews,* 429 Pa. 555, 239 A.2d 382 (1968). Accordingly, the order of the trial court arresting judgment must be reversed and that verdict reinstated.

### III. *Richard Rawles Appeal*

Since we hold that the evidence was sufficient to support the jury's verdict, we do not reach Rawles' claims with respect to the propriety of the trial court's action in substituting a lesser verdict. Rawles' remaining claims alleging prosecutorial misconduct and prejudicially confusing jury instructions have not been preserved for review. Rawles maintains, however, that his trial counsel was ineffective for failing to make timely objections to preserve those issues.

Rawles first argues that his trial counsel was ineffective in failing to object to various allegedly prejudicial remarks by the prosecutor during opening and closing argument. Some of the statements attributed to the attorney for the Commonwealth do not appear in the record; the remainder cannot be fairly characterized as prejudicial. Thus objections would have been meritless. This Court has indicated repeatedly that trial counsel will not be held ineffective for failing to preserve meritless claims. *Commonwealth v. Upsher,* 497 Pa. 621, 444 A.2d 90 (1982); *Commonwealth v. Smallwood,* 497 Pa. 476, 442 A.2d 222 (1982); *Commonwealth v. Penn,* 497 Pa. 232, 439 A.2d 1154, *cert. denied* 456 U.S. 980, 102 S.Ct. 2251, 72 L.Ed.2d 857 (1982); *Commonwealth v. Ciotti,* 496 Pa. 232, 436 A.2d 983 (1981); *Commonwealth v. Butler,* 495 Pa. 82, 432 A.2d 590 (1981). Thus this contention is without merit.

Equally meritless is Rawles' argument that trial counsel should have objected to the trial court's instructions to the jury on the ground that the charge was "confusing." Read as a whole, the charge to the jury adequately stated the law and created no likelihood of confusion.

Finally, Rawles alleges trial counsel's ineffectiveness in failing to take certain actions during trial, i.e., to elect to conduct an individual, sequestered voir dire, to make an opening statement, to present testimony as to Rawles' physical condition after the stabbing, to object to certain questioning by the prosecution and to move for a directed verdict on first and third degree murder. Each of these

alleged omissions is within the realm of sound trial strategy. *See, e.g., Commonwealth v. Blair,* 491 Pa. 499, 421 A.2d 656 (1980); *Commonwealth v. Turner,* 469 Pa. 319, 365 A.2d 847 (1976); *Commonwealth v. Roundtree,* 469 Pa. 241, 364 A.2d 1359 (1976); *Commonwealth v. Robinson,* 452 Pa. 316, 305 A.2d 354 (1973); *Commonwealth v. Sullivan,* 450 Pa. 273, 299 A.2d 608, *cert. denied,* 412 U.S. 923, 93 S.Ct. 2745, 37 L.Ed.2d 150 (1973). Thus he is not entitled to relief on ineffectiveness grounds. *E.g., Commonwealth v. Bandy,* 494 Pa. 244, 431 A.2d 240 (1981); *Commonwealth v. Burton,* 491 Pa. 13, 417 A.2d 611 (1980); *Commonwealth v. Badger,* 482 Pa. 240, 393 A.2d 642 (1978); *Commonwealth v. Turner, supra; Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).[3]

For the foregoing reasons, the order of the Court of Common Pleas arresting judgment is reversed, the jury's verdict is reinstated, the judgment of sentence on the charge of third degree murder is vacated and the matter remanded for resentencing.

**3.** Rawles contends in addition that his trial counsel was ineffective for failing to call him as a witness. This claim must also fail. The decision whether or not to testify on one's own behalf rests solely on the defendant. *Commonwealth v. Good,* 481 Pa. 529, 393 A.2d 30 (1978); *Commonwealth v. Boyd,* 461 Pa. 17, 334 A.2d 610 (1975). There is no indication in the instant record of any disagreement between Rawles and his trial counsel as to the course taken.