578 A.2d 1323

**COMMONWEALTH of Pennsylvania**

v.

**Pedro TORRES, Appellant.**

Superior Court of Pennsylvania.

Submitted May 3, 1990.

Filed Aug. 17, 1990.

Thomas W. Moore, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before DEL SOLE, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from a judgment of sentence for murder in the first degree, 18 Pa.C.S.A. § 2502(a), and possession of an instrument of crime, id. § 907. Appellant contends that (1) the evidence relating to malice was insufficient to support the first degree murder verdict; and (2) the verdict was against the weight of the evidence.[1] For the reasons set forth below, we affirm the judgment of sentence.

On May 4, 1987, appellant was arrested and charged in connection with a shooting death that occurred on September 4, 1986. On December 13, 1988, appellant waived his right to a jury and he proceeded to a bench trial before the Honorable David N. Savitt. Following three days of testimony, Judge Savitt found appellant guilty of murder in the first degree and possession of an instrument of crime. Appellant was sentenced to a mandatory term of life imprisonment for the murder conviction and a concurrent term of one-to-two-years imprisonment for possessing an instrument of crime. After trial, appellant's court-appointed counsel, Thomas W. Moore, Esq., was granted leave to

---

1. Appellant also contends that the trial court erred in permitting the Commonwealth's expert witness to testify concerning an autopsy report prepared by another doctor. After carefully reviewing the record and the briefs submitted by the parties, we find that the trial court has adequately addressed this contention in its opinion. Accordingly, we need not address the issue further.

withdraw, and the court appointed Paul Sosnowski, Esq. for post-trial motions. Counsel filed post-trial motions *nunc pro tunc* on March 14, 1989. On June 6, 1989, attorney Moore re-entered his appearance for appellant, this time as privately retained counsel. On October 6, 1989, Moore filed supplemental post-trial motions on appellant's behalf, in which he alleged that Sosnowski was ineffective for filing "boilerplate" post-trial motions. On October 12, 1989, all post-trial motions were denied, and this timely appeal followed.

Appellant first contends that the evidence at trial was insufficient to support his conviction for murder in the first degree.[2] The test for reviewing a sufficiency claim is well-settled:

Where a defendant challenges his conviction on appeal the test of sufficiency of evidence is whether, viewing all evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

*Commonwealth v. Jackson,* 506 Pa. 469, 472–73, 485 A.2d 1102, 1103 (1984); *see also Commonwealth v. Hoke,* 381 Pa.Super. 70, 78–79, 552 A.2d 1099, 1103 (1989).

Section 2502 of the Crimes Code, 18 Pa.C.S.A., provides in relevant part that "[a] criminal homicide constitutes murder of the first degree when it is committed by an intentional killing." *Id.* § 2502(a). In *Commonwealth v. Gardner,*

---

**2.** All of appellant's claims are couched in ineffectiveness terms, premised on attorney Sosnowski's alleged failure to properly preserve appellant's claims in post-verdict motions. Specifically, appellant claims that these motions were defective because they were boilerplate. *See Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268 (1983) (en banc). Review of the motions reveals, however, that they are sufficiently specific to comport with *Holmes.* Moreover, we note that the trial court did not consider the claims waived. Accordingly, we shall address appellant's arguments on their merits and need not consider the ineffectiveness claim.

490 Pa. 421, 416 A.2d 1007 (1980), our Supreme Court stated that:

> In determining the sufficiency of the evidence to support a finding of first degree murder, we must find that the killing was a malicious one accompanied by a specific intent to kill. If the act of the defendant under all the circumstances properly gives rise to an inference that the appellant knew or should have known that the consequence of his act would be death or serious bodily harm, malice is present. *Commonwealth v. McFadden, supra* [448 Pa. 277, 292 A.2d 324 (1972).]
>
> It is well settled that specific intent to kill, as well as *malice, may be inferred from the use of a deadly weapon upon a vital part of the victim's body.* *Commonwealth v. Kingsley*, 480 Pa. 560, 391 A.2d 1027 (1978); *Commonwealth v. Moore*, 473 Pa. 169, 373 A.2d 1101 (1977); *Commonwealth v. O'Searo*, 466 Pa. 224, 352 A.2d 30 (1976). It is this specific intent to kill which distinguishes murder of the first degree from the lesser grades of murder. *Commonwealth v. Moore, supra.*

*Id.,* 490 Pa. at 425, 416 A.2d at 1008–09 (emphasis added). Appellant's specific argument is that the Commonwealth failed to present sufficient evidence of malice but instead relied exclusively upon the fact that appellant used a deadly weapon upon a vital part of the victim's body. Appellant relies on *Commonwealth v. McGuire*, 487 Pa. 208, 409 A.2d 313 (1979) (plurality), for the proposition that the use of a deadly weapon upon a vital part of the body is not sufficient to show malice without additional evidence. In *McGuire,* the defendant was charged with murder, voluntary manslaughter, and involuntary manslaughter. The court dismissed the charge of involuntary manslaughter and found defendant guilty of murder in third degree. At trial in *McGuire,* the only evidence offered by the Commonwealth to prove malice was the use of a gun upon the victim, while *all* of the *other* evidence presented at trial negated the inference of malice. Accordingly, our Supreme Court, in a

plurality opinion by Justice (now Chief Justice) Nix,[3] found that the evidence did not support a finding of malice and, accordingly, the defendant was discharged as to the count of murder in the third degree.

Appellant's reliance upon *McGuire* is misplaced. *McGuire* was a plurality opinion and our Supreme Court has since repeatedly emphasized that the inference from the use of a deadly weapon upon a vital part of the body alone is sufficient to establish malice. *See, e.g., Commonwealth v. Carbone,* 524 Pa. 551, 574 A.2d 584 (1990), *Commonwealth v. Yarris,* 519 Pa. 571, 549 A.2d 513 (1988), *cert. denied sub nom Yarris v. Pennsylvania,* — U.S. —, 109 S.Ct. 3201, 105 L.Ed.2d 708 (1989); *Commonwealth v. D'Ambro,* 500 Pa. 303, 456 A.2d 140 (1983); *Commonwealth v. Gardner, supra.* Moreover, to the extent that the *McGuire* rule retains vitality, the situation in the instant case is sufficiently distinguishable as to require affirmance. At trial, the Commonwealth called Edwin Laureano, an eyewitness to the shooting, who testified that appellant shot the victim three or four times from a distance of two-to-four feet while the victim attempted to deflect the bullets with his bare hands. *See* N.T. December 13, 1988 at 58–62. Laureano further testified that after the victim had been shot, there was blood on the right side of his chest. *Id.* at 65. Based upon this evidence, the factfinder properly could have concluded that appellant used a deadly weapon on a vital part of the victim's body. *See Commonwealth v. Gardner, supra.* The only testimony offered to contradict Laureano's testimony was appellant's own, wherein he denied knowing the victim and denied shooting anybody, but admitted that he had been at the location of the shooting at the time of the incident. *See* N.T. December 15, 1988 at 198–99, 205. Moreover, appellant's testimony also suggested that he was a cocaine dealer and that there was a fight under way for the corner upon

3. Justice Nix's lead opinion in *McGuire* was joined by Justice O'Brien. Justice Eagen concurred in the result. Justices Roberts and Larsen each filed a separate dissenting opinion. Justices Manderino and Pomeroy did not participate in the decision of the case.

which the victim was killed. *Id.* at 199–203. As this review demonstrates, in this case, unlike *McGuire*, there was no evidence offered at trial to contradict the inference of malice from the use of a deadly weapon upon a vital part of the victim's body. Thus, there was sufficient evidence to support the murder conviction.

 Appellant also claims that his conviction was against the weight of the evidence.[4] Specifically, he argues that the Commonwealth's eyewitness was not credible, and that his testimony was so unbelievable that a new trial is warranted. It is settled that:

> The determination whether to grant a new trial on the ground that the verdict is against the weight of the evidence rests within the discretion of the trial court, and we will not disturb that decision absent an abuse of discretion. *Commonwealth v. Pronkoskie*, 498 Pa. 245, 251, 445 A.2d 1203, 1206 (1982). Before a trial court may grant relief on the ground that the verdict is against the weight of the evidence, ' "it must appear from the record that the jury's verdict was so contrary to the evidence as to shock one's sense of justice...." ' *Commonwealth v. Gamber*, 352 Pa.Super. 36, 45, 506 A.2d 1324, 1329 (1986) (quoting *Commonwealth v. Barnhart*, 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981)). Our review of a trial court's decision on a weight of the evidence claim is extremely limited.

*Commonwealth v. Hamilton*, 376 Pa.Super. 404, 414, 546 A.2d 90, 95 (1988). Appellant's weight of the evidence claim rests on his belief that Laureano was not credible because (1) his testimony was inconsistent and (2) his attitude re-

---

4. We note that it is questionable whether appellate courts in this Commonwealth are still able to review a verdict to determine if it is against the weight of the evidence. *See Commonwealth v. Nelson*, 514 Pa. 262, 271–72 n. 3, 523 A.2d 728, 733 n. 3 (1987); *see also Commonwealth v. Wallace*, 522 Pa. 297, 315, 561 A.2d 719, 728 (1989). *But see Commonwealth v. Jenkins*, 396 Pa.Super. 395, 398–401, 578 A.2d 960, 962–963 (1990), No. 2389 Philadelphia 1989 J. A24025/90) (filed August 1, 1990) ("the passing statements of our Supreme Court in *Wallace* and *Nelson* have not resulted in a prohibition of weight of the evidence claims in our appellate courts" and, thus "an examination of these matters by appellate tribunals still exists.").

garding the shooting was "lackadaisical." During cross-examination, appellant had an opportunity to test Laureano's credibility by questioning him about the inconsistencies in his testimony and asking him about his failure to cooperate with the police. *See* N.T. December 13, 1988 at 83–109. The only testimony offered to contradict Laureano's testimony was appellant's own testimony. Credibility is an issue for the finder of fact that will not be disturbed on appeal. *Commonwealth v. Pitts*, 486 Pa. 212, 404 A.2d 1305 (1979). Moreover, it is settled that the trier of fact is free to believe all part or none of the testimony. *Id.* In this case, the trial court, sitting as the fact-finder, believed Laureano's testimony and did not believe appellant's contradictory testimony. This determination is perfectly consistent with the evidence presented, and certainly is not such as to "shock our sense of justice." Accordingly, we find that the trial court did not err in finding that the verdict was supported by the weight of the evidence.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed