J-A24027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARCEL BAINES, | |
| Appellant | No. 3295 EDA 2013 |

Appeal from the Judgment of Sentence Entered on December 10, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015598-2009

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 01, 2014**

Appellant, Darcel Baines, appeals from the judgment of sentence of 15-30 years' incarceration and a consecutive term of 5 years' probation, imposed following her conviction for third degree murder and possessing an instrument of crime. Appellant claims that the evidence was insufficient to prove she possessed the requisite *mens rea* of malice as necessary to support her conviction for third degree murder. After careful review, we affirm.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's attorney, John P. Cotter, Esq., initially requested oral argument in this case. However, immediately prior to the date set for oral argument, Attorney Cotter submitted this case for our consideration without oral argument. Such action does not typically concern us; indeed, when the controversy that gives rise to appellate review is adequately addressed in
*(Footnote Continued Next Page)*

The trial court summarized the facts adduced at trial as follows:

On August 5, 2008, police responded to a report of a stabbing at 1503 John F. Kennedy Boulevard, Philadelphia, where they came upon the victim, Yvette Prince[,] who had been stabbed one time in her left chest. Police transported the victim to a nearby hospital where she was later pronounced dead at 4:54 p.m. [Appellant] was still at the scene holding a knife when police arrived. She was taken into custody and gave a statement in which she admitted that she stabbed the victim.

The stabbing had its genesis in a series of events that began at approximately 2:55 p.m. that day. Mr. Leroy McQueen and the victim were sitting on a bench in Love Park when the victim noticed [Appellant] and said to McQueen something to the effect that [Appellant] had stolen her boyfriend. The victim walked over to [Appellant] and confronted her. [Appellant], in response, showed the victim a knife with a black handle at which time the victim began walking away from [Appellant], back towards McQueen. As the victim did so, [Appellant] attempted to provoke the victim to hit her. The victim eventually did so

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

the parties' briefs, and our review is unlikely to benefit from oral argument, submission without oral argument is permitted, if not encouraged.

However, Attorney Cotter requested oral argument in two other cases set to be heard by this panel on the same day. And, as he did in the instant case, Attorney Cotter submitted those cases for our consideration without oral argument immediately prior to the date set for oral argument. Indeed, it appears to be Attorney Cotter's usual practice to request, but never to attend oral argument.

Rule 3.2 of Pennsylvania's Rules of Professional Conduct states that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." Requesting oral argument, without any intention to actually attend oral argument, does not comport with the text or the spirit of Rule 3.2, as oral argument panels do not occur with the same frequency as panels composed of cases where oral argument is not requested. Additionally, insincere requests for oral argument may serve to delay appellate review of other cases where there is a genuine desire by those appellants to assist this Court's disposition through oral advocacy.

and slapped [Appellant] with her open hand once on the side of her face. [Appellant] got up, … pulled out the knife from a black pocketbook, and stabbed victim in the chest one time. [Appellant] then walked back to her seat in Love Park and sat down with the knife still in her hand, as the victim collapsed to the ground.

An autopsy revealed that the victim suffered a single stab wound, five to seven inches deep, to the left front part of the chest approximately two inches from the center of the chest. The stab wound caused fatal injury to h[er] heart and left lung. The manner of death was deemed to be homicide.

Trial Court Opinion (TCO), 10/25/12, at 2.

Appellant's non-jury trial, held on January 20, 2011, resulted in her conviction for third degree murder, 18 Pa.C.S. § 2502(c), and possessing an instrument of crime, 18 Pa.C.S. § 907. On January 5, 2012, the trial court sentenced Appellant to 15-30 years' incarceration for third degree murder, and 5 years' probation for possessing an instrument of crime.

Appellant filed a timely notice of appeal[2] and, subsequently, a timely Pa.R.A.P. 1925(b) statement. However, on March 26, 2012, this Court entered an order dismissing the appeal due to Appellant's failure to file a docketing statement. *See* Pa.R.A.P. 3517. Unaware that the appeal had been dismissed, the trial court issued a Rule 1925(a) opinion on October 25, 2012.

---

[2] This initial appeal was docketed at 420 EDA 2012.

Appellant subsequently filed a PCRA[3] petition requesting reinstatement of her direct appeal rights. The PCRA court granted the request on November 18, 2013. Appellant immediately filed a *nunc pro tunc* notice of appeal on November 19, 2013. She also filed a supplemental Rule 1925(b) statement on December 2, 2013. On December 17, 2013, the trial court issued a supplemental Rule 1925(a) opinion.[4]

Appellant now presents the following question for our review: "Was the evidence insufficient to convict [A]ppellant of 3[rd] degree murder?" Appellant's Brief at 2. More specifically, Appellant claims:

> The evidence was insufficient to convict [Appellant] of 3[rd] degree murder because the evidence was insufficient to show that [she] had the requisite intent or *mens rea* … to show that [she] acted with malice. The evidence is clear that the victim initiated the confrontation by going to where [Appellant] was sitting and confronting [Appellant,] claiming that [Appellant] had stolen her man[,] and then after [Appellant] showed a knife[,] the victim went back to [Appellant] and slapped [her] so hard in the face that it made the wig on [Appellant's] head spin. It was only after and in response this unprovoked attack and assault that [Appellant] stabbed the victim one time. [Appellant] stayed at the scene of the incident, did not try to hide the knife and told the arresting officer what happened. This evidence is insufficient to show that [Appellant] had a wicked disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty. [Appellant's] actions were unlawfully provoked by the combative behavior and assault upon [her] by

---

[3] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

[4] The supplemental opinion largely incorporated the contents of the October 25, 2012 trial court opinion. It also addressed issues not pertinent to the instant appeal.

the victim. To infer malice in this situation is to base a verdict of guilt[y] on surmise and conjecture.

Appellant's Brief at 5.

Our standard of review of sufficiency claims is well-settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

Third degree murder is defined by statute only in relation to first and second degree murder. Section 2502 of the Criminal Code states:

**(a) Murder of the first degree.--**A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

**(b) Murder of the second degree.--**A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

**(c) Murder of the third degree.--**All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree.

18 Pa.C.S. § 2502.

Case law has further defined the elements of third degree murder, holding:

> [T]o convict a defendant of the offense of third[ ]degree murder, the Commonwealth need only prove that the defendant killed another person with malice aforethought. This Court has long held that malice comprehends not only a particular ill-will, but ... [also a] wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured.

*Commonwealth v. Santos*, 583 Pa. 96, 876 A.2d 360, 363 (2005) (alteration in original) (internal citation, quotation, and emphasis omitted); *see also Commonwealth v. Drum*, 58 Pa. 9, 15 (1868) (defining malice as quoted above). [The Supreme] Court has further noted:

> [T]hird degree murder is not a homicide that the Commonwealth must prove was committed with malice and without a specific intent to kill. Instead, it is a homicide that the Commonwealth must prove was committed with malice, but one with respect to which the Commonwealth need not prove, nor even address, the presence or absence of a specific intent to kill. Indeed, to convict a defendant for third degree murder, the jury need not consider whether the defendant had a specific intent to kill, nor make any finding with respect thereto.

*Commonwealth v. Meadows*, 567 Pa. 344, 787 A.2d 312, 317 (2001) (quoting *Commonwealth v. Young*, 561 Pa. 34, 748 A.2d 166, 174–75 (1999)).

*Commonwealth v. Fisher*, 80 A.3d 1186, 1191 (Pa. 2013), *cert. denied*, 134 S.Ct. 2314 (U.S. 2014).

By contrast,

A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

  (1) the individual killed; or

(2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed.

18 Pa.C.S. § 2503(a). Whereas, "[a] person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." 18 Pa.C.S. § 2504(a).

Thus, the element that sets apart third degree murder from lesser forms of homicide is *malice*. Here, Appellant contends the Commonwealth failed to produce sufficient evidence of malice and, therefore, her conviction for third degree murder cannot withstand sufficiency review. We disagree.

> In determining whether malice has been established, our Court has utilized the traditional definition of that mental state set forth in **Commonwealth v. Drum**, 58 Pa. 9 (1868). That seminal definition makes clear that malice aforethought requires a unique state or frame of mind characterized by wickedness, hardness, cruelty, recklessness, and disregard of social duty:
>
> > Malice is a legal term, implying much more [than ill-will, spite, or a grudge]. It comprehends not only a particular ill-will, but every case where there is wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured. Murder, therefore, at common law embraces cases where no intent to kill existed, but where the state or frame of mind termed malice, in its legal sense, prevailed.
>
> **Id.** at 15.
>
> Malice has been characterized as exhibiting an "extreme indifference to human life," **Commonwealth v. Gardner**, 490 Pa. 421, 416 A.2d 1007, 1008 (1980) (emphasis supplied), and "may be found to exist not only in an intentional killing, but also

- 7 -

in an unintentional homicide where the perpetrator 'consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily harm.'" ***Commonwealth v. Young***, 494 Pa. 224, 431 A.2d 230, 232 (1981) (quoting ***Commonwealth v. Hare***, 486 Pa. 123, 404 A.2d 388, 391 (1979)) (emphasis supplied).

Indeed, our Court has stated that an inference of malice is not supported even by evidence which demonstrates that a defendant acted out of anger and rage; in such a case, voluntary manslaughter, not murder, is established. Thus, the mental state of malice aforethought is significantly more than mere carelessness or neglect, or the disregard of a chance or possibility of death[.]

***Commonwealth v. Ludwig***, 874 A.2d 623, 631-32 (Pa. 2005) (some internal citations omitted).

We consider the trial court's determination that Appellant acted with malice with these standards in mind. The trial court states:

The evidence was sufficient for this Court to conclude beyond a reasonable doubt that [Appellant] was guilty of third degree murder. At trial, this Court, sitting as fact-finder, heard testimony that after being approached by the victim, [Appellant] showed her a knife and then, as the victim turned to walk away, [Appellant] began taunting her and egging her on to strike her. The victim struck [Appellant] with an open hand at which time [Appellant] took out the knife and plunged it into the chest of the victim, killing her. "Malice is properly inferred when a deadly weapon is directed to a vital part of the body." ***Commonwealth v. Roberts***, 437 A.2d 948, 952 (Pa. 1981) (citing ***Commonwealth v. Palmer***, 292 A.2d 921, 923 (Pa. 1972)). Thus, malice was established by the evidence.

Moreover, [Appellant]'s claim that she acted in self-defense fails. When evidence of self-defense arises from any source, the Commonwealth must disprove self-defense beyond a reasonable doubt by establishing that: (1) the defendant did not reasonably believe that he was in danger of death or serious bodily injury; (2) the defendant provoked the use of force; or (3) the defendant had a duty to retreat and retreat was possible

with complete safety. **Commonwealth v. Stonehouse**, 555 A.2d 772; 781 (Pa. 1989)[;] [*s*]*ee also* 18 Pa.C.S. § 505.

The Commonwealth met its burden of proof here. [Appellant] initiated the incident by provoking the victim to hit her at a time when [Appellant] was armed with a knife and the victim had turned to walk away from [Appellant]. It was clear from the evidence that after the victim began walking away, [Appellant] wanted the victim to strike her so that [Appellant] could stab her. In addition, the victim had no weapons and there was no evidence presented establishing that [Appellant] reasonably could believe that she was in danger of death or serious bodily injury. Finally, the evidence showed that [Appellant] could have retreated in complete safety. Thus, it is clear that the Commonwealth presented sufficient evidence to disprove the defense of self-defense.

[Appellant]'s claim that she acted in the heat of passion is equally unavailing. The evidence demonstrated the following: [Appellant] became upset when the victim confronted her about having stolen her boyfriend; [Appellant] displayed a knife to the victim and then when the victim turned to walk away, [Appellant] began taunting her in order to provoke the victim to slap her; when the victim did as [Appellant] asked, [Appellant] immediately stabbed her in the chest. It was clear from this evidence that [Appellant] made a conscious choice to provoke the victim after the victim turned to walk away so that she could stab her. Her actions were not the product of a sudden or intense passion but rather contemplation and reflection. Thus, the evidence was sufficient to justify the conclusion that [Appellant] did not act out of passion, but instead acted in a cool and calculating manner to punish the victim for her alleged disrespect.

TCO, at 4-6.

We agree entirely with the trial court's reasoning. Appellant taunted the victim to provoke a physical altercation. The victim's conduct did not present a serious threat of harm yet, nevertheless, Appellant failed to retreat in the face of that threat when she was clearly able to do so. Most importantly, Appellant used a deadly weapon on a vital part of the victim's

body. These circumstances, considered collectively, convince us that the Commonwealth provided sufficient evidence that Appellant acted with malice when she stabbed and killed the victim. Appellant was properly convicted of third degree murder and is not entitled to relief.

Judgment of sentence *affirmed*.

Judge Platt joins in the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2014