546 A.2d 1122

COMMONWEALTH of Pennsylvania, Appellant,

v.

Brian K. ANTHONY.

COMMONWEALTH of Pennsylvania

v.

Brian ANTHONY, Appellant.

Superior Court of Pennsylvania.

Argued April 21, 1988.

Filed July 19, 1988.

Reargument Denied Sept. 6, 1988.

624

Frances G. Gerson, Assistant District Attorney, Philadelphia, for Com., appellant (at 1565) and appellee (at 1723).

Mary M. Zell, Philadelphia, for Anthony, appellant (at 1723) and appellee (at 1565).

Before OLSZEWSKI, KELLY and HOFFMAN, JJ.

HOFFMAN, Judge:

These are consolidated cross-appeals from the judgment of sentence for aggravated assault. The Commonwealth contends that the trial court erred in arresting judgment on the felonious aggravated assault conviction and entering judgment for misdemeanor aggravated assault. In his cross-appeal, appellant-Anthony (hereinafter "Anthony") contends that the trial court erred in excluding the testimony of his alibi witnesses. For the reasons set forth below, we conclude that Anthony's cross-appeal is meritless. Because we agree with the Commonwealth's contention, however, we vacate the judgment of sentence for misdemeanor aggravated assault, reinstate the conviction for felonious aggravated assault, and remand for resentencing.

■ Brian Anthony was arrested on August 28, 1984 and charged with aggravated assault and related charges. Following a non-jury trial, appellant was convicted of felonious aggravated assault,[1] possession of an instrument of crime,

1. The Crimes Code provides in relevant part that
   A person is guilty of aggravated assault if he [or she]:
      (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circum-

carrying a firearm without a license, and recklessly endangering another person. Following argument on post-verdict motions, the court arrested judgment on the felonious aggravated assault conviction and entered judgment for misdemeanor aggravated assault. Anthony was sentenced to an aggregate term of twenty-three-to-forty-six months imprisonment. The Commonwealth filed a timely notice of appeal, challenging the arrest of judgment, and Anthony filed a cross-appeal.[2]

## I. ANTHONY APPEAL

■ In his cross-appeal, Anthony contends that the trial court erred in excluding the testimony of his alibi witnesses. The Rules of Criminal Procedure provide that a defendant who intends to present a defense of alibi must file a notice of intention to claim the defense. Pa.R.Crim.P. 305(C)(1)(a). The notice must specify the place or places where defendant claims to have been at the time the offense was committed as well as the names and addresses of witnesses who will testify to support the defense. *Id.* The purpose of the Rule is to insure "both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence." *Commonwealth v. Fernandez*, 333 Pa.Super. 279, 289, 482 A.2d 567, 572 (1984) (quoting *Williams v. Florida*, 399 U.S. 78, 82, 90 S.Ct. 1893, 1896, 26 L.Ed.2d 446 (1970)). Rule 305 further provides that

> stances manifesting extreme indifference to the value of human life; [or]
>
>      *   *   *   *   *   *
>
>   (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon.
>
> 18 Pa.C.S.A. § 2702(a). At the time of the offense, aggravated assault under § 2702(a)(1) was a felony of the second degree. Aggravated assault under § 2702(a)(4) was graded as a misdemeanor of the first degree. *Id.* § 2702(b) (amended 1986).

2. A court's determination that, as a matter of law, the evidence is not sufficient to support the verdict is a ruling from which the Commonwealth may appeal. *Commonwealth v. Rawles*, 501 Pa. 514, 519, 462 A.2d 619, 621 (1983).

> If the defendant fails to file and serve notice of alibi defense ... the court at trial may exclude entirely any evidence offered by the defendant for the purpose of proving the defense, except testimony by the defendant, or may grant a continuance to enable the Commonwealth to investigate such evidence, or may make such other order as the interests of justice require.

*Id.* at 305(C)(1)(d).

■ Here, at trial, Anthony presented an alibi defense. He testified that he was at a friend's house watching a movie at the time of the shooting. N.T. February 13, 1985 at 52–53. In addition, Anthony attempted to call Jason Ruffin and a second unnamed person as witnesses to corroborate his defense.[3] He failed, however, to file the required notice of alibi defense until the morning of the trial. The court prohibited the alibi witnesses from testifying, concluding that Anthony's failure to give adequate notice of his defense denied the Commonwealth the opportunity to investigate the alibi. *Id.* at 34–35. Anthony failed to request a continuance to allow the Commonwealth to investigate his defense. Accordingly, because the court was authorized to exclude this testimony under Rule 305(C)(1)(d), we conclude that the court did not err in prohibiting the alibi witnesses from testifying.

In the alternative, Anthony argues that trial counsel was ineffective for failing to timely file a notice of intention to present the defense of alibi. The determination whether counsel rendered ineffective assistance is arrived at through a two-prong test. First, we must ascertain whether the issue underlying the claim of ineffectiveness has arguable merit. *Commonwealth v. Buehl,* 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986). This requirement is based

---

**3.** Anthony argues that Rule 305 does not apply because Ruffin was not an alibi witness. He concedes, however, that Ruffin's testimony would have "bolstered [appellant's] account of where he was and his avowed disinclination to get involved in the fracas." Brief for Appellant Brian Anthony at 7. Because it is apparent that the purpose of Ruffin's testimony was to bolster Anthony's account of where he was at the time of the offense, we conclude that Ruffin's testimony would have been in the nature of alibi.

upon the principle that we will not find counsel ineffective for failing to pursue a frivolous claim or strategy. *Commonwealth v. Parker*, 503 Pa. 336, 341, 469 A.2d 582, 584 (1983). Second, if appellant's claim does have arguable merit, we must determine whether "the course chosen by counsel had some reasonable basis designed to serve the best interests of the client." *Commonwealth v. Buehl*, *supra* (citing *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605, 235 A.2d 349, 353 (1967)).

If our review of the record reveals that counsel was ineffective, we then must determine whether appellant has demonstrated that counsel's ineffectiveness worked to his or her prejudice. *Commonwealth v. Pierce*, 515 Pa. 153, 159, 527 A.2d 973, 976 (1987). To determine whether appellant was prejudiced, our Supreme Court adopted the test announced by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Commonwealth v. Pierce, supra.* Under *Strickland*, to prove that counsel's ineffectiveness resulted in prejudice, an appellant must show that the error was "so serious as to deprive [him or her] of a fair trial, a trial whose result was reliable." *Strickland v. Washington, supra* at 687, 104 S.Ct. at 2064.

■ Under this analysis, we first must determine whether appellant-Anthony's underlying claim—that the testimony of these witnesses was necessary to corroborate his alibi defense—has arguable merit. We conclude that it does not. Ruffin's testimony would have established that, some time *prior* to the shooting, he saw Anthony at a friend's house. N.T. February 13, 1985 at 47. In addition, he would have testified that he informed Anthony of a fight between the victim and Anthony's cousin and that Anthony informed him that he did not want to accompany Ruffin to the fight. *Id.* This testimony would not have been helpful to Anthony in establishing his alibi because it would only have shown where Anthony was at the time of the fight and would not have excluded the possibility that Anthony participated in the shooting, which occurred later that afternoon.

▓▓▓▓ Anthony also argues that an unnamed witness would have been helpful in corroborating his alibi. In seeking to establish that counsel should have called a witness, an appellant must allege

1. (1) the identity of the witness,
2. (2) that counsel knew of the existence of the witnesses,
3. (3) the material evidence that the witness would have provided, and
4. (4) the manner in which the witness would have been helpful to his or her cause.

*Commonwealth v. Polk*, 347 Pa.Super. 265, 273, 500 A.2d 825, 829 (1985); *Commonwealth v. Torres*, 329 Pa.Super. 58, 68, 477 A.2d 1350, 1355 (1984). Here, Anthony has failed to identify the alibi witness. In addition, he has not set forth the material evidence that the witness would have provided. Without more, we are unable to determine whether this witness would have been helpful to establishing his defense. Accordingly, because the testimony of these witnesses would not have been helpful to Anthony, we conclude that his claim lacks arguable merit. Counsel, therefore, was not ineffective for failing to properly file notice of alibi defense under Rule 305.

## II. COMMONWEALTH APPEAL

In its appeal, the Commonwealth contends that the court erred in arresting judgment for felonious aggravated assault and entering judgment for misdemeanor aggravated assault.

The effect of a motion in arrest of judgment is to admit all facts which the Commonwealth's evidence tends to prove. The entire record must be considered in evaluating the sufficiency of the evidence. All the evidence must be read in the light most favorable to the Commonwealth, which is entitled to all reasonable inferences arising therefrom.

*Commonwealth v. Rawles*, 501 Pa. 514, 520, 462 A.2d 619, 622 (1983) (citations omitted).

[T]he test requires, before the granting of a motion in arrest of judgment based on insufficiency of the evidence, that the court make a finding that the evidence supporting the verdict of guilt is so weak and inconclusive that a [factfinder] could not be satisfied as to the guilt of the defendant beyond a reasonable doubt.

*Commonwealth v. Blevins,* 453 Pa. 481, 487, 309 A.2d 421, 425 (1973).

■ Section 2702(a)(1) of the Crimes Code provides that a person is guilty of felonious aggravated assault if he or she "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). To sustain a conviction for aggravated assault, we need not find that the victim actually suffered serious bodily injury. *Commonwealth v. Russell,* 313 Pa.Super. 534, 539, 460 A.2d 316, 319 (1983).

Where the injury actually inflicted did not constitute serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding that the blow delivered was accompanied by the intent to inflict serious bodily injury. Criminal intent may be proved by direct or circumstantial evidence.

*Id.,* 313 Pa.Superior Ct. at 539–540, 460 A.2d at 319 (quoting *Commonwealth v. Alexander,* 477 Pa. 190, 194, 383 A.2d 887, 889 (1978)).

■ Here, at the conclusion of the trial, the court found Anthony guilty of felonious aggravated assault under 18 Pa.C.S.A. § 2702(a)(1). Following argument on post-verdict motions, the court arrested judgment on the felonious aggravated assault charge and entered judgment for misdemeanor aggravated assault under 18 Pa.C.S.A. § 2702(a)(4). In granting Anthony's motion for arrest of judgment, the court stated only that "I don't think it was clearly shown— even though he shot, it didn't show where the other bullets landed, or his marksmanship might have been bad, as you say, but it could have been bad either way." N.T. May 16,

1985 at 6.[4]  In so ruling, the court concluded that the evidence presented at trial was legally insufficient to support a conviction for felonious aggravated assault under 18 Pa.C.S.A. § 2702(a)(1). Viewing the evidence presented in the light most favorable to the Commonwealth, however, we conclude that the evidence was sufficient to support such a conviction.

On August 27, 1984, the victim, Gary Bard, was walking north on 52nd Street in Philadelphia. N.T. February 13, 1985 at 14. His brother, Reginald Bard, was walking in the opposite direction on 52nd Street. *Id.* at 27. Both testified that they saw a group of six or seven men on the opposite side of the street. *Id.* at 14, 22–23. Anthony was standing with the group. *Id.* at 23. Reginald Bard crossed the street and approached the group. *Id.* at 23. When he was seven to ten feet from the group, Anthony pulled out a gun and pointed it at him. *Id.* at 23, 25. A person then shouted "No, no, not that one; the other one." *Id.* at 9, 23. Anthony then turned the gun and pointed it at the victim. *Id.* at 23. Anthony fired three or four shots, one of which struck the victim in the arm. *Id.* at 9, 23–24.

This evidence was sufficient to prove felonious aggravated assault. The fact that Anthony intentionally took aim at the victim, fired three or four shots at him, and, indeed, did injure the victim, was sufficient to allow a factfinder to conclude that Anthony had the *intent* to cause serious bodily injury. Thus, Anthony's argument that the victim did not actually sustain serious bodily injury is irrelevant.[5] *See Commonwealth v. Russell, supra.* Because the evidence was sufficient to prove aggravated assault under 18 Pa.C.S.A. § 2702(a)(1) beyond a reasonable doubt, the trial court erred in arresting judgment on this conviction. *See Commonwealth v. Rawles, supra.* Accordingly, we reverse the judgment of sentence for aggravated assault

---

**4.** Unfortunately, we do not have the benefit of the trial court's opinion. Judge Thomas N. Shiomos, the presiding judge, is no longer on the bench and no opinion has been filed in this case.

**5.** In any event, it is not at all clear that a gunshot wound is, as a matter of law, *not* a serious injury.

under 18 Pa.C.S.A. § 2702(a)(4), reinstate the verdict for aggravated assault under 18 Pa.C.S.A. § 2702(a)(1), and remand for resentencing.[6]

For the foregoing reasons, we vacate the judgment of sentence for aggravated assault under 18 Pa.C.S.A. § 2702(a)(4), reverse the order of the trial court arresting judgment, reinstate the verdict for aggravated assault under 18 Pa.C.S.A. § 2702(a)(1), and remand for resentencing..

VACATED AND REMANDED. Jurisdiction is relinquished.

6. The Commonwealth had sought the mandatory five year minimum sentence for aggravated assault under 18 Pa.C.S.A. § 2702(a)(1). *See* 42 Pa.C.S.A. § 9712(a) (offenses committed with firearms).