J-A28028-13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON LEE HOOVER, | |
| Appellant | No. 55 WDA 2013 |

Appeal from the Judgment of Sentence of December 4, 2012
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000541-2012

BEFORE:  PANELLA, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                  **FILED FEBRUARY 10, 2015**

Appellant, Jason Lee Hoover, appeals from the judgment of sentence entered on December 4, 2012.  We affirm.

We have previously outlined the factual background of this case as follows.

> On April 5, 2012, RES Coal Company ("RES") noticed that several items were missing from its jobsite along Knobs Road in Goshen Township, Pennsylvania.  Pennsylvania State Police Trooper Adam Gibson responded to the call.  Kevin Adams, an employee of RES, provided a list of stolen items to Trooper Gibson.  Trooper Gibson also observed that there was a set of tire tracks near the location of the stolen items.
>
> Trooper Gibson believed that it was likely the thieves would take the stolen property to Novey's Recycling ("Novey's") in Clearfield, Pennsylvania.  Therefore, Trooper Gibson went to Novey's to investigate the theft.  Trooper Gibson's instincts were correct as earlier that day two loads of stolen materials had been sold to Novey's.  However, Barry Martell ("Martell") and D.M., a

juvenile, Appellant's co-conspirators, had left prior to Trooper Gibson arriving.

Martell and D.M., this time accompanied by Appellant, returned to Novey's later on April 5, 2012 with a third load of stolen items. Novey's refused to pay them for the items. Pennsylvania State Police Trooper Dewaine R. Kephart, Jr. responded to Novey's and spoke with D.M., Martell, and Appellant. Trooper Kephart took photographs of the materials that were in Appellant's truck. He also took photographs of the truck's tires.

***Commonwealth v. Hoover***, 93 A.3d 510 (Pa. Super. 2013) (unpublished memorandum), at 1-2, *rev'd*, 2014 WL 7392244 (Pa. Dec. 30, 2014).

The procedural history of this case is as follows. Appellant was charged via criminal complaint on April 20, 2012. On June 27, 2012, Appellant waived arraignment. On July 12, 2012, Appellant was charged via criminal information with theft by unlawful taking - value of property at least $2,000.00,[1] criminal conspiracy to commit theft by unlawful taking - value of property at least $2,000.00,[2] receiving stolen property - value of property at least $2,000.00,[3] criminal conspiracy to commit receiving stolen property - value of property at least $2,000.00,[4] and corruption of minors.[5]

---

[1] 18 Pa.C.S.A. § 3921(a).

[2] 18 Pa.C.S.A. §§ 903(a)(1), 3921(a).

[3] 18 Pa.C.S.A. § 3925(a).

[4] 18 Pa.C.S.A. §§ 903(a)(1), 3925(a).

[5] 18 Pa.C.S.A. § 6301(a)(1)(i).

On October 1, 2012, the Commonwealth provided Appellant with a written statement from D.M. alleging that Appellant was with D.M. and Martell on the night that the items were stolen from RES. Jury selection occurred on October 4, 2012. That same morning, Appellant filed two motions *in limine*. The first sought exclusion of the tire track evidence. The second sought to preclude the introduction of Appellant's prior *crimen falsi* conviction. The trial court heard oral argument on the motion *in limine* regarding tire tracks on October 15, 2012. Ultimately, the trial court denied both motions *in limine*.

On October 22, 2012, the morning of trial, Appellant filed a notice of alibi, informing the Commonwealth and trial court that he intended to call his girlfriend, Angel Cole, to testify as to his whereabouts on the night of April 4-5, 2012. The Commonwealth objected to this testimony, and the trial court sustained the objection. Appellant orally moved for reconsideration and the trial court denied the motion for reconsideration. The jury found Appellant guilty of all charges. On December 4, 2012, Appellant was sentenced to an aggregate term of 21 to 60 months' imprisonment. This timely appeal followed.[6]

---

[6] On January 3, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). Appellant filed his concise statement on January 18, 2013. The trial court filed its Rule 1925(a) opinion on March 21, 2013. *(Footnote Continued Next Page)*

On March 31, 2014, we vacated Appellant's judgment of sentence after concluding that the trial court abused its discretion by admitting into evidence Appellant's prior *crimen falsi* conviction. ***Commonwealth v. Hoover***, 93 A.3d 510 (Pa. Super. 2013) (unpublished memorandum), at 10-15. Our Supreme Court reversed, holding that the trial court did not abuse its discretion by admitting Appellant's prior *crimen falsi* conviction. ***Commonwealth v. Hoover***, 2014 WL 7392244 (Pa. Dec. 30, 2014). Our Supreme Court remanded this case to us for consideration of Appellant's other issue on appeal, which we did not reach in our prior memorandum.

The lone issue for our review is:

Did the [trial] court abuse its discretion when it prohibited the testimony of Angel Cole as an alibi witness when the Commonwealth only advised the [Appellant] that it was calling [D.M.] as a witness less than [30] days before the trial and Angel Cole was to rebut the testimony of [D.M.]?

Appellant's Brief at 6.[7]

Appellant's lone remaining issue on appeal challenges a discretionary evidentiary ruling made by the trial court. Our "standard of review of a trial

*(Footnote Continued)* ————————

Appellant's lone remaining issue on appeal was included in his concise statement.

[7] Appellant's brief also included an issue relating to the legality of his sentence; however, he stated that he was withdrawing that issue. ***See*** Appellant's Brief at 6. Counsel for Appellant confirmed at oral argument that Appellant was withdrawing that issue as counsel had determined that the sentence imposed was legal.

court's evidentiary ruling is limited to determining whether the trial court abused its discretion." **Commonwealth v. Prendes**, 97 A.3d 337, 356 (Pa. Super. 2014) (ellipsis and citation omitted). "Where the evidentiary question involves a discretionary ruling, our scope of review is plenary, in that the appellate court may review the entire record in making its decision." **Commonwealth v. Huggins**, 68 A.3d 962, 966 (Pa. Super. 2013), *appeal denied*, 80 A.3d 775 (Pa. 2013) (citation omitted).

Pennsylvania Rule of Criminal Procedure 567 provides, in relevant part:

> (A) Notice by Defendant. A defendant who intends to offer the defense of alibi at trial shall file with the clerk of courts not later than the time required for filing the omnibus pretrial motion provided in Rule 579 a notice specifying an intention to offer an alibi defense, and shall serve a copy of the notice and a certificate of service on the attorney for the Commonwealth.
>
> * * *
>
> (B) Failure to File Notice.
>
> (1) If the defendant fails to file and serve the notice of alibi as required by this rule, the court may exclude entirely any evidence offered by the defendant for the purpose of proving the defense, except testimony by the defendant, may grant a continuance to enable the Commonwealth to investigate such evidence, or may make such other order as the interests of justice require.

Pa.R.Crim.P. 567.

We note that Appellant waived his arraignment on June 27, 2012. Therefore, his notice of alibi was due on or before July 27, 2012. **See id.** (notice of alibi due no later than the date required for the filing of the

omnibus pretrial motion); Pa.R.Crim.P. 579 (omnibus pretrial motion due 30 days after arraignment); **Commonwealth v. Light**, 2010 WL 9513220, \*2 (Pa. Cmwlth. Jan. 25, 2010) (period for filing of omnibus pretrial motion begins to run on the date a defendant waives arraignment). As Appellant did not file his notice of alibi until October 22, 2012, it was patently untimely.

Appellant argues that the trial court should have granted him a continuance of trial, pursuant to Rule 567(B)(1), when he belatedly filed his notice of alibi. Appellant's counsel, who has represented Appellant throughout these proceedings, conceded at oral argument that the word continuance did not "escape [his] lips" before the trial court. Nonetheless, he argues that the motion for reconsideration served as a quasi-motion for a continuance. Furthermore, he contends that the Commonwealth's delay in providing D.M.'s statement excused the late filing of the notice of alibi. Finally, he contends that he did not have time to seek a continuance. The Commonwealth, on the other hand, contends that the trial court did not abuse its discretion be choosing to exclude Cole's testimony because of the belatedly filed notice of alibi.

In **Commonwealth v. Anthony**, 546 A.2d 1122, 1124 (Pa. Super. 1988), this Court held that a trial court did not abuse its discretion in prohibiting an alibi witness from testifying when the notice of alibi was filed on the morning of trial. This Court reached that conclusion because

Anthony failed to seek a continuance from the trial court after filing his belated notice of alibi. ***Id.***

The same facts are present in the case *sub judice*. Appellant presented his notice of alibi on the morning of trial. When the trial court determined that he had violated Rule 567, Appellant failed to seek a continuance. Appellant attempts to distinguish ***Anthony*** in two respects. First, Appellant contends that he did not have an opportunity to seek a continuance. Appellant, however, had sufficient time to seek reconsideration and, therefore, certainly had the time necessary to request a continuance. Second, Appellant contends that he was not aware of the need for an alibi witness until the day of trial. This argument is without merit. Appellant was provided with a copy of D.M.'s statement, alleging that Appellant was with him on the evening in question, 21 days prior to trial. Furthermore, one week prior to trial, and two weeks after receiving D.M.'s statement, the trial court heard argument on Appellant's motion *in limine* with respect to the tire track evidence. At that time, Appellant could have given notice of his alibi defense and, if necessary, requested a continuance instead of the exclusion of Cole's testimony. Appellant chose instead to wait until the morning of trial to file his notice of alibi.

At oral argument, Appellant argued that his motion for reconsideration should have been considered a quasi-request for a continuance. This argument is without merit. A request for a continuance is obviously different

than a motion for reconsideration. There may be strategic reasons why counsel would seek reconsideration of a trial court's order barring testimony but not want to seek a continuance of trial. For example, Appellant may have wanted to have the case disposed of quickly or may have believed that the jury seated for the case was favorable to him. The trial court does not have an obligation to read counsel's mind when he or she makes a motion. Instead, the trial court is only required to dispose of the question put before it. In this case, the trial court did so by denying Appellant's motion for reconsideration. Accordingly, as in **Anthony**, we conclude that the trial court did not abuse its discretion in excluding Cole's testimony.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015