431 A.2d 230

**COMMONWEALTH of Pennsylvania**

v.

**Oscar P. YOUNG, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 20, 1981.

Decided July 2, 1981.

Edmund L. Levine, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Kenneth S. Gallant, Asst. Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

KAUFFMAN, Justice.

Appellant, Oscar P. Young, was convicted of third degree murder, possession of an instrument of crime and a violation of the Uniform Firearms Act following a non-jury trial in the Court of Common Pleas of Philadelphia. Post-verdict motions were denied and appellant was sentenced to concurrent terms of 2½ to 5 years imprisonment on the weapons offenses, and a consecutive term of 15 years probation on the murder charge. This direct appeal, in which the sole issue is whether there was sufficient evidence of malice to sustain the third degree murder conviction, followed.[1]

The testimony may be summarized as follows: On February 6, 1978 at approximately 6:30 p. m., appellant boarded a SEPTA bus at 50th Street and Woodland Avenue in Philadelphia. As the bus proceeded west on Woodland Avenue, appellant and two companions, who were seated in the rear, began shouting obscenities at several youths standing on the street, one of whom was the victim, Ralph Williams. Williams and another youth, who were throwing snowballs at the bus, tried to board the bus near 53rd Street, but the driver refused to seat them. One of the passengers on the bus testified that Williams "ran the bus down" and asked to get on so he could talk to "them guys back there." When the driver ordered him off, Williams exited. After Williams was back on the street, appellant drew a .22 caliber gun from his waistband, pointed it out an open window and shot Williams in the chest, fatally wounding him.

Appellant testified that once Williams was off the bus, he resumed throwing snowballs, one of which came through an open window and hit him in the eye. One of Williams' companions, however, testified that Williams did not throw any more snowballs at the bus after he disembarked. The

1. Jurisdiction over this appeal, which involves *only* appellant's murder conviction, is exercised pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S.A. § 722(1). Appellant has appealed his convictions on the weapons charges to the Superior Court. See 42 Pa.C.S.A. § 742.

witness further stated that just before he heard the gunshot, he saw an arm come through the bus window and heard a voice state "I'm going to get you."[2]

Claiming that the shooting was accidental, appellant argues that the evidence adduced at trial was insufficient to establish beyond a reasonable doubt that the killing was committed with malice. We disagree.

Malice is one of the essential elements of third degree murder, *Commonwealth v. Horton*, 485 Pa. 115, 401 A.2d 320 (1979); *Commonwealth v. McFadden*, 448 Pa. 277, 292 A.2d 324 (1972), and it is the distinguishing factor between murder and manslaughter:

"Malice express or implied is the criterion and absolutely essential ingredient of murder. Malice in its legal sense exists not only where there is a particular ill will, but also whenever there is a wickedness of disposition, hardness of heart, wanton conduct, cruelty, recklessness of consequences and a mind regardless of social duty. Legal malice may be inferred and found from the attending circumstances...

"To summarize: If there was an unlawful killing with (legal) malice, express, or implied, that will constitute murder *even though there was no intent to injure or kill the particular person who was killed and even though his death was unintentional or accidental....*"

*Commonwealth v. Commander*, 436 Pa. 532, 537, 260 A.2d 773, 776 (1970), quoting *Commonwealth v. Gooslin*, 410 Pa. 285, 189 A.2d 157 (1963) (emphasis added, citations omitted).

2. Appellant testified that after he was hit in the eye with a snowball, he told Williams to "stop playing" and pointed the gun at him "just to scare [him]." He further testified that as he was pulling the gun back in through the window, the bus hit a bump, causing it to discharge accidentally. When asked where he got the gun, appellant testified that it belonged to his cousin and that he was merely "holding it" as a favor to him. Appellant further testified that he did not know whether the gun was loaded when his cousin gave it to him and did not think to ask. He stated: "I figured if it was loaded he would tell me that it was loaded." (N.T. 80) Significantly, one of the youths on the bus with him testified that appellant had dropped some .22 caliber bullets on the ground.

Thus, malice may be found to exist not only in an intentional killing, but also in an unintentional homicide where the perpetrator "consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily harm." *Commonwealth v. Hare*, 486 Pa. 123, 129, 404 A.2d 388, 391 (1979).

The well-established test for reviewing the sufficiency of the evidence is:

> " '[w]hether, accepting as true all the evidence and all [the] reasonable inferences therefrom upon which if believed the [finder of fact] could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes for which he has been convicted.' *Commonwealth v. Bayard*, 453 Pa. 506, 509, 309 A.2d 579, 581 (1973); *Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837 (1973). In this regard it must be noted that the finder of fact has the right to reject part or all of the defendant's testimony even if uncontradicted. *Commonwealth v. Chermansky*, 430 Pa. 170 at 174, 242 A.2d 237 at 240."

*Commonwealth v. Taylor*, 461 Pa. 557, 560, 337 A.2d 545, 546 (1975), quoting *Commonwealth v. Coleman*, 455 Pa. 508, 510, 318 A.2d 716, 717 (1974). Viewing the evidence in this light, we conclude that there was sufficient evidence to prove a malicious homicide beyond a reasonable doubt. Appellant intentionally pointed a loaded gun at the victim and shot him in the chest. Under these circumstances, whether the gun discharged accidentally or was fired intentionally is irrelevant for the purpose of determining the existence of malice.[3] Even if, as appellant claims, he did not know that

---

3. In rejecting appellant's defense that the shooting was accidental, we note that the only direct evidence tending to show accident was appellant's own testimony, which the trier of fact was free to disbelieve. *Commonwealth v. Green*, 493 Pa. 409, 415, 426 A.2d 614, 617 (1981); *Commonwealth v. Long*, 467 Pa. 98, 354 A.2d 569 (1976). Furthermore, even accepting as true appellant's self-serving statements, when he pointed the gun at Williams, he engaged in the type of grossly reckless conduct which he should have known was likely to result in serious bodily harm or death to another. See *Commonwealth v. Gardner*, 490 Pa. 421, 416 A.2d 1007 (1980). Such a

the gun was loaded and intended only to "scare" the victim, his conduct nevertheless unjustifiably created an extremely high degree of risk, thereby evincing a wanton and reckless disregard for human life. By intentionally aiming a gun at Williams without knowing for a certainty that it was not loaded, appellant exhibited that type of cruel and wanton conduct of which legal malice is made.

In light of the foregoing, we conclude that there was sufficient evidence to sustain a verdict of third degree murder and affirm the Judgment of Sentence.[4]

wanton disregard of the consequences of his actions proved that at the time of the shooting appellant possessed that state of mind termed malice.

4. Appellant argues "that the evidence was insufficient as a matter of law to establish malice, and as a direct result, his crime can rise no higher than that of voluntary manslaughter." Because we hold that there was sufficient evidence to prove malice beyond a reasonable doubt, we need not address the question of whether appellant's crime constituted voluntary manslaughter.