J-S12039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW SMALLWOOD | : | |
| | : | |
| Appellant | : | No. 598 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 11, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010299-2011

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED APRIL 28, 2020**

Appellant, Andrew Smallwood, appeals from the judgment of sentence imposed after he pleaded guilty to third degree murder[1] and other offenses. We affirm.

On April 16 2011, Appellant was charged with murder, conspiracy, retaliation against and intimidation of a witness or victim, and weapons and firearms offenses for the shooting death of Malik Martin (Victim).  On February 11, 2016, Appellant entered a negotiated plea of guilty to third-degree murder, conspiracy, possession of an instrument of crime (PIC), retaliation

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

against a witness or victim, and firearms not to be carried without a license[2] and was sentenced to an aggregate term of imprisonment of 35 to 70 years in accordance with the plea agreement. N.T., 2/11/16, at 2-3, 34-38; Written Guilty Plea Colloquy. This aggregate sentence consisted of consecutive sentences of 20 to 40 years for third-degree murder, 10 to 20 years for conspiracy, $2^1/_2$ to 5 years for PIC, $2^1/_2$ to 5 years for firearms not to be carried without a license, and no further penalty for retaliation against a witness or victim. N.T., 2/11/16, at 38; Order of Sentence, 2/11/16.

Appellant did not file a direct appeal within 30 days, but filed a petition pursuant to the Post Conviction Relief Act ("PCRA")[3] on March 17, 2016 seeking reinstatement of his appeal rights. On January 15, 2019, the trial court granted that PCRA petition and reinstated Appellant's rights to file a post-sentence motion and a direct appeal. On January 22, 2019, Appellant filed a post-sentence motion seeking to withdraw his guilty pleas, which the trial court denied on January 23, 2019. On February 11, 2019, Appellant timely filed this appeal.

Appellant presents only one issue for our review:

> Whether the trial court erred in allowing a guilty plea which stated insufficient facts to support a finding of third degree murder.

Appellant's Brief at 4. We conclude that this claim of error is without merit.

---

[2] 18 Pa.C.S. §§ 903, 907(a), 4953(a), and 6106(a)(1), respectively.

[3] 42 Pa.C.S. §§ 9541–9546.

By pleading guilty, Appellant waived his right to challenge on direct appeal all non-jurisdictional defects except for the legality of his sentence and the validity of his plea. ***Commonwealth v. Jabbie***, 200 A.3d 500, 505 (Pa. Super. 2018); ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa. Super. 2008). To establish that a guilty plea is valid, the plea colloquy must ascertain the factual basis for the plea, and that the defendant understands the nature of the charges to which he is pleading guilty, his right to a jury trial, the presumption of innocence, the sentencing ranges for the charges, and the plea court's power to deviate from any recommended sentence. ***Jabbie***, 200 A.3d at 506; ***Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa. Super. 2015); ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa. Super. 2005); Comment to Pa.R.Crim.P. 590(A)(2).

All of those requirements were satisfied here. At the plea hearing, the trial court explained at length the elements of the charges to which Appellant was pleading guilty, his right to a jury trial, the presumption of innocence, the sentencing ranges for the charges, and the court's power to deviate from any recommended sentence, and ascertained Appellant's ability to understand the proceedings and the voluntariness of his decision to plead guilty. N.T., 2/11/16, at 2-24. In addition, the Commonwealth set forth a summary of the facts on which the guilty pleas were based. ***Id.*** at 25-34, 38-39. Appellant's guilty pleas accordingly constitute an admission of all of those facts. ***Morrison***, 878 A.2d at 105-06.

Contrary to Appellant's contention, the facts set forth by the Commonwealth at the plea hearing are plainly sufficient to support a finding that Appellant was guilty of third-degree murder. At the plea hearing, the Commonwealth set forth the following factual basis for Appellant's guilty plea to third degree murder:

> [On]April 6, 2011, Wednesday, about 1:00 in the afternoon in the vicinity of the 5300 block of Cedar Avenue in the City and County of Philadelphia…, the evidence would show, videotape would be introduced, which would show that [Victim] was operating a SUV-type vehicle westbound on Cedar Avenue of [*sic*] 53rd and the video would show two individuals firing at his vehicle with a semi-automatic handgun and a revolver.
>
> … Officers, in particular, Officer Robin Summers would testify as a result of those gunshots, she observed two black males, one in a blue hoodie, one in a gray hoodie, flee in her direction southbound on 53rd Street and then proceed westbound on Walton Avenue. She pursued the individual in the blue hoodie sweatshirt in her vehicle with her partner. She got out of her vehicle at the top of the block, looked under vehicles and at that time she would identify [Appellant] who was beginning to crawl under an SUV vehicle on the street.
>
> She ordered him to come out from under the vehicle. There was hesitation. He did. [Appellant] fled on foot in the blue hoodie westbound on Cedar. Officers pursued, radio contact, other officers, in particular, Officer Ray Lacey, 18th District, observed [Appellant] coming out of the alley, fleeing northbound where he was apprehended, attempting to get into another vehicle at a red light.
>
> Officer Robin Summers came around, made a positive identification of [Appellant] as the individual she was pursuing. [Appellant] was frisked, placed in the wagon. Officers then went back to the vehicle [Appellant] was hiding under. Recovered at that time, Your Honor, was a Smith & Wesson, caliber, .357, which was secured until the arrival of crime scene unity officers.
>
> *          *          *

… DNA samples were taken from the firearm which was located under the vehicle which [Appellant] was hiding.

Your Honor, as a result of the processing of that, there was a positive DNA match … I think the actual DNA report indicates that the DNA swab from the Smith & Wesson, .357 to [Appellant] was I think probability of randomly selected unrelated individual, include as a contributor, major component of the DNA mixture, the sample is 1 in 153 quintillion in the African-American population.

Additionally, Your Honor, the weapon that was recovered under the vehicle was compared ballistically with bullets taken from [Victim]'s vehicle and six bullets were found to definitively come from the Smith & Wesson, a gun that had [Appellant]'s DNA. All six of the bullets were recovered from that vehicle that [Victim] was operating.

N.T., 2/11/16, at 29-33. The Commonwealth further stated that the evidence would show that Victim was killed by gunshot wounds suffered in the attack. *Id.* at 33. In addition, the Commonwealth stated that Appellant had previously robbed Victim at gunpoint and had threatened Victim after Victim had identified Appellant as the robber. *Id.* at 25-28.

These facts were sufficient to prove third-degree murder. To establish the offense of third-degree murder, the Commonwealth must prove the killing of an individual with malice. *Commonwealth v. Knox*, 219 A.3d 186, 195 (Pa. Super. 2019); *Commonwealth v. Marquez*, 980 A.2d 145, 148 (Pa. Super. 2009). Malice includes not only particular ill will toward the victim, but also wickedness of disposition, hardness of heart, wantonness, and cruelty, recklessness of consequences, and conscious disregard by the defendant of an unjustified and extremely high risk that his actions may cause serious

bodily harm. ***Commonwealth v. Young***, 431 A.2d 230, 232 (Pa. 1981); ***Commonwealth v. Devine***, 26 A.3d 1139, 1146 (Pa. Super. 2011). Evidence that the defendant fired a gun directly at the victim is sufficient to show malice. ***Young***, 431 A.2d at 232; ***Commonwealth v. Patterson***, 180 A.3d 1217, 1230 (Pa. Super. 2018); ***Devine***, 26 A.3d at 1150.

Here, the facts set forth by the Commonwealth and admitted by Appellant by his plea establish that Appellant and another person with him repeatedly fired guns at Victim and that Victim was killed by that gunfire. That is sufficient to show both that Appellant was criminally responsible for killing Victim and that he acted with malice. Indeed, Appellant's prior threats against Victim also show particular ill will toward Victim. While the facts set forth at the guilty plea hearing did not show whether the shots fired by Appellant were the ones that killed Victim, it was unnecessary for the Commonwealth to prove that Appellant fired the fatal shot or shots. Where there is sufficient evidence, as here, to prove that the defendant acted together with another person or persons to fatally attack the victim, the defendant is guilty of third degree murder even if he did not fire the fatal shot or strike the fatal blow. ***Commonwealth v. Fisher,*** 80 A.3d 1186, 1195-96 (Pa. 2013); ***Marquez***, 980 A.2d at 149; ***Commonwealth v. Bigelow***, 611 A.2d 301, 304 (Pa. Super. 1992).

Because the factual basis set forth by the Commonwealth at Appellant's plea hearing was sufficient to support a finding of third-degree murder,

Appellant's challenge to the validity of his guilty plea is without merit.

Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2020