J-S01043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :    IN THE SUPERIOR COURT OF
                                                  :            PENNSYLVANIA
                                                  :
             v.                                          :
                                                  :
SHAWDEN L. ROSS                           :
                                                  :
            Appellant                 :    No. 735 WDA 2022

Appeal from the Judgment of Sentence Entered June 10, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001953-2019

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                   **FILED:  May 23, 2023**

Appellant, Shawden L. Ross, appeals from the aggregate judgment of sentence of 20 to 40 years' incarceration imposed after his conviction by a jury of third-degree murder[1] and his plea of guilty to possession of a firearm by a prohibited person.[2]  After careful review, we affirm.

This case arises out of the shooting death of Lamont Simmons (Victim), who was found shot and lying face down in Arnold, Pennsylvania in the early morning of April 5, 2019.  Appellant was charged with criminal homicide, possession of a firearm by a prohibited person, and receiving stolen property.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

[2] 18 Pa.C.S. § 6105(a)(1).

On March 21, 2022, the Commonwealth dismissed the receiving stolen property charge and the firearms charge was deferred for disposition after trial of the criminal homicide charge. Trial Court Opinion at 2. The criminal homicide charge was tried to a jury from March 21, 2022 to March 24, 2022.

The Commonwealth called 11 witnesses at trial, including Officer Haus, the Arnold police officer who found Victim and conducted the initial investigation to identify who shot Victim; Rasaun Kennedy, who was with Appellant at the time of the shooting; Officer Stebler and Detective Roach, an Arnold police officer and a county detective who participated in a search of the residence where Appellant and Kennedy were on the morning of the shooting; the forensic pathologist who autopsied Victim; and a firearms expert. The Commonwealth also admitted in evidence video recordings and still photographs from video cameras on a utility pole and on private residences in the area.

Officer Haus's testimony and the video recordings showed that shortly before the shooting, Appellant, Kennedy, and Victim left a house at $1606^{1}/_{2}$ Fourth Avenue, approximately one block from where Victim was found, and walked toward the alley where the shooting occurred. N.T. Trial, 3/22/22, at 41-63, 65-75, 88-89; Commonwealth Exs. 3, 6, 10. The video recordings and still photographs showed Appellant pointing a gun at Victim's head as they walked. N.T. Trial, 3/22/22, at 69-72; Commonwealth Exs. 3, 4, 6, 7, 8, 9. The video recordings further showed two individuals running in the area near

- 2 -

the alley toward 1606$^1$/$_2$ Fourth Avenue less than a minute later and Appellant and Kennedy returning to 1606$^1$/$_2$ Fourth Avenue. N.T. Trial, 3/22/22, at 52-53, 71, 75; Commonwealth Exs. 3, 6, 10. There was no video camera that covered the alley where the shooting occurred, and the shooting was not captured on video. N.T. Trial, 3/22/22, at 77-78, 198. Officer Haus testified that after he viewed the pole camera recording the morning of the shooting, he went to 1606$^1$/$_2$ Fourth Avenue, which was the residence of a woman named Alicia Painter, and that Appellant and Kennedy were both there and wearing clothes similar to the clothes that they were wearing in the video recordings. ***Id.*** at 56, 59-63.

Kennedy testified that he was drinking alcohol and smoking marijuana at Painter's residence on the night of April 4 to 5, 2019, and that Appellant and Victim came to the house twice. N.T. Trial, 3/22/22, at 99-105. Kennedy testified that the first time they were there, Appellant and Victim were in good mood and stayed for a half-hour or 45 minutes and left. ***Id.*** at 102-04. Kennedy testified that Appellant and Victim later came back to the house and that Appellant was angry and pointing a gun at Victim. ***Id.*** at 104-06. Kennedy testified that he told Appellant to go outside, that Appellant and Victim went outside, and that he followed them out. ***Id.*** at 105-07. Kennedy testified that they walked down the street and into an alley and that after they got in the alley, Victim started running and Appellant shot at him twice. ***Id.***

at 106-09, 114-19.  Kennedy testified that after Appellant shot at Victim, he and Appellant ran back to Painter's house.  *Id.* at 107, 109.

The pathologist testified that Victim suffered three gunshot wounds, that all the bullets entered through the back of his body, and that she recovered three bullets from his body.  N.T. Trial, 3/23/22, at 231-37.  The pathologist testified that one of the bullets struck Victim in the left flank and went into his chest, one bullet struck him the lower back, and the other bullet struck him in the left buttocks.  *Id.* at 234-37.  The pathologist opined that the gunshot wound from the bullet that struck Victim's left flank caused his death.  *Id.* at 237-38.

Officer Stebler testified that he participated in searching $1606^1/_2$ Fourth Avenue after a search warrant was obtained and that he found a black handgun in a second-floor bedroom.  N.T. Trial, 3/22/22, at 166-70.  Detective Roach testified that he found mail addressed to Appellant in a backpack that was found in the closet of the bedroom where the gun was found.  N.T. Trial, 3/23/22, at 288-91, 319-22, 335-36.  The firearms expert testified that he test fired the handgun that was found in the $1606^1/_2$ Fourth Avenue bedroom and compared the bullets fired from the handgun to those found in Victim's body.  N.T. Trial, 3/24/22, at 426-32.  The firearms expert opined that one of the bullets from Victim's body was discharged from the handgun that was found in the $1606^1/_2$ Fourth Avenue bedroom, but that the condition of the other two bullets did not permit him to determine whether they were fired

from that handgun. *Id.* at 432-35. Appellant did not testify or call any witnesses. *Id.* at 442-49.

On March 24, 2022, the jury acquitted Appellant of first-degree murder and found Appellant guilty of third-degree murder. N.T. Trial, 3/24/22, at 510-12. Following the verdict, Appellant pled guilty to possession of a firearm by a prohibited person. *Id.* at 512-14. On June 10, 2022, the trial court sentenced Appellant to 20 to 40 years' incarceration for third-degree murder and imposed a concurrent sentence of 5 to 10 years' incarceration for possession of a firearm by a prohibited person, resulting in an aggregate sentence of 20 to 40 years' incarceration. N.T. Sentencing at 14; Sentencing Order. Appellant filed no post sentence motion and timely appealed on June 22, 2022.

Appellant presents the following single issue for our review:

Whether the Appellant's conviction is supported by sufficient evidence given the sole identification testimony was based on the self-motivated testimony of the Appellant's uncharged co-defendant, Rasaun Kennedy?

Appellant's Brief at 2.

Our standard of review in a challenge to the sufficiency of the evidence is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by

the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. ... Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brockman*, 167 A.3d 29, 38 (Pa. Super. 2017) (quoting

*Commonwealth v. Antidormi*, 84 A.3d 736 (Pa. Super. 2014)).

The elements of the offense of third-degree murder are a killing of an individual with malice. *Commonwealth v. Jones*, 271 A.3d 452, 458 (Pa. Super. 2021); *Commonwealth v. Patterson*, 180 A.3d 1217, 1230 (Pa. Super. 2018); *Commonwealth v. Marquez*, 980 A.2d 145, 148 (Pa. Super. 2009) (*en banc*). Malice includes not only particular ill will toward the victim, but also wickedness of disposition, hardness of heart, wantonness, and cruelty, recklessness of consequences, and conscious disregard by the defendant of an unjustified and extremely high risk that his actions may cause serious bodily harm. *Commonwealth v. Young*, 431 A.2d 230, 232 (Pa. 1981); *Jones*, 271 A.3d at 458; *Commonwealth v. Devine*, 26 A.3d 1139, 1146 (Pa. Super. 2011). In addition to proving these statutory elements of the crime beyond a reasonable doubt, the Commonwealth was also required to introduce sufficient evidence for the jury to find that Appellant was a perpetrator of the crime. *Commonwealth v. Smyser*, 195 A.3d 912, 915

(Pa. Super. 2018); ***Commonwealth v. Brooks***, 7 A.3d 852, 857 (Pa. Super. 2010).

Appellant does not dispute that the evidence was sufficient to prove the elements of third-degree murder with respect to the person who shot Victim. Rather, Appellant contends that the evidence was insufficient to prove that he shot Victim because Kennedy's testimony was allegedly the only evidence that Appellant was the perpetrator and Kennedy was not credible. This argument fails for two reasons.

First, the claim that a witness, even a key witness, was not credible is not a basis on which the evidence may be found insufficient to support a conviction. Sufficiency of the evidence review does not include an assessment of the credibility of the testimony offered by the Commonwealth. ***Commonwealth v. Crosley***, 180 A.3d 761, 768 n.2 (Pa. Super. 2018); ***Commonwealth v. Wilson***, 825 A.2d 710, 713-14 (Pa. Super. 2003). Challenges to the credibility of witnesses are challenges only to the weight of the evidence, not its sufficiency. ***Commonwealth v. Kinney***, 157 A.3d 968, 972 (Pa. Super. 2017); ***Commonwealth v. Samuel***, 102 A.3d 1001, 1005 (Pa. Super. 2014). Appellant has not argued in this appeal that his conviction was against the weight of the evidence. Moreover, Appellant has waived any challenge to the weight of the evidence, as he made no motion in the trial court asserting that that the verdict was against the weight of the evidence.

Pa.R.Crim.P. 607(A); **Commonwealth v. Cox**, 231 A.3d 1011, 1018 (Pa. Super. 2020); **Kinney**, 157 A.3d at 972.

While testimony that contradicts undisputed physical facts or the laws of nature may be found insufficient to support a conviction, **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000), nothing in Kennedy's testimony was physically impossible or irreconcilable with any undisputed facts. Testimony of a single witness, even if uncorroborated, can constitute sufficient evidence by itself to support a conviction. **Commonwealth v. Gilliam**, 249 A.3d 257, 268 (Pa. Super. 2021); **Crosley**, 180 A.3d at 768. Here, Kennedy's testimony was partially corroborated by the video recordings.

Second, the evidence was sufficient without Kennedy's testimony. The pathologist testified that Victim was shot in the back three times, that one of those shots was to the torso, and that the shot to the torso killed Victim. N.T. Trial, 3/23/22, at 231-38. That is sufficient to prove to prove the elements of third-degree murder. Evidence that a person intentionally fired a gun directly at another person is sufficient to show malice. **Young**, 431 A.2d at 232; **Jones**, 271 A.3d at 460; **Devine**, 26 A.3d at 1150.

The circumstantial evidence at trial by itself was sufficient to prove that Appellant shot Victim. The video camera evidence showed Appellant walking with Victim and Kennedy toward the alley shortly before the shooting, Appellant pointing a gun at Victim's head as they walked, and Appellant and Kennedy returning without Victim. N.T. Trial, 3/22/22, at 51-56, 60-63, 69-

75; Commonwealth Exs. 3, 4, 6, 7, 8, 9, 10. In addition, the Commonwealth introduced evidence that the gun that killed Victim was found in the house where Appellant was staying in the same room where a backpack containing mail addressed to Appellant was also found. N.T. Trial, 3/22/22, at 166-70; N.T. Trial, 3/23/22, at 288-91, 319-22, 335-36; N.T. Trial, 3/24/22, at 432-35.

Because the evidence at trial was sufficient to prove that Appellant was guilty of third-degree murder, Appellant's lone claim of error in this appeal is without merit. We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/23/2023